739 So.2d 413 (1999)
Henry E. STEPHENS a/k/a Henry Ephrian Stephens, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-CA-00759-COA.
Court of Appeals of Mississippi.
April 20, 1999.
*414 Eugene A. Perrier, Vicksburg, Attorney for Appellant.
Office of the Attorney General by Charles W. Maris, Jr., Attorney for Appellee.
Before THOMAS, P.J., LEE, and SOUTHWICK, JJ.
SOUTHWICK, J., for the Court:
¶ 1. Henry Stephens was indicted in 1994 for capital murder, but pled guilty to murder and robbery with a deadly weapon. In 1995 he filed for post-conviction relief, which was denied by the Circuit Court of Warren County. We find no error and affirm.

FACTS
¶ 2. Stephens was indicted for the murder and robbery of a hitchhiker that he and a codefendant had picked up in July 1994. Stephens confessed to having struck the victim on the head with a hammer while the codefendant stabbed him with a knife. Robbery of the corpse apparently followed. Stephens pled guilty to murder and robbery with a deadly weapon. On July 17, 1995, he was sentenced to life imprisonment for the murder and a term of twenty years for the robbery with a deadly weapon. The sentences were to run consecutively.
¶ 3. Stephens filed two motions for post-conviction relief in 1995. The circuit court appointed counsel for him. On November 5, 1996, the court denied his motion for an evidentiary hearing and on May 21, 1997, denied all relief. Stephens has appealed, still represented by counsel.

DISCUSSION

Issue 1: Consecutive sentences
¶ 4. Stephens argues that his consecutive life and twenty year sentences were an improper stacking of sentences that grew out of the same operative facts. Relied upon first is dated authority that there could not be multi-count indictments. Thomas v. State, 474 So.2d 604, 606 (Miss. 1985). What dates that view is the adoption by the legislature in 1986 of a statute that specifically permits such indictments. Miss.Code Ann. 99-7-2 (Rev.1994). Under that statute, issues arise regarding whether a severance should occur. However, Stephens pled guilty. That plea waives all defects in the indictment except for subject matter jurisdiction and except for the failure "to charge a criminal offense or, more specifically, to charge an essential element of a criminal offense...." Jefferson v. State, 556 So.2d 1016, 1019 (Miss. 1989). Neither is an issue here.
¶ 5. The more significant argument is that Stephens may have been convicted for the same crime twice, i.e., that his double jeopardy rights were violated by being convicted for two crimes and receiving two sentences for the same event. The sentences here were for murder and *415 for armed robbery of the same victim at about the same time. What is determinative is that Stephens was not convicted of capital murder. Had that occurred, and the murder was proven to have occurred during the commission of the robbery, that is one total crime. The same robbery cannot be used for a separate conviction for which a separate sentence is imposed. Kincaid v. State, 711 So.2d 873, 877 (Miss. 1998). For that robbery a defendant would have been given two convictions. "[N]or shall any person be subject for the same offence to twice be put in jeopardy" is what the Fifth Amendment to the federal constitution specifically prohibits.
¶ 6. Stephens raised this double jeopardy issue in his motion for post conviction relief; the imposition of a sentence in violation of the constitution or that exceeds the lawful limit are specifically recognized as grounds for post-conviction motions. Miss.Code Ann. 99-39-5(1)(a), (d) (Supp. 1998). The guilty plea did not waive the double jeopardy issue as the State alleges.
¶ 7. However, as our explanation of double jeopardy indicates, only if Stephens had been convicted of capital murder, whether after a plea or guilty verdict, would the underlying robbery be part of the same crime. Instead, Stephens pled to murder, thus avoiding a possible death sentence. That is exactly what occurred in Kincaid. Kincaid, 711 So.2d at 877. The robbery with a deadly weapon count does not merge with this murder charge because the murder charge did not require any underlying felony. It merely required proof of an intentional homicide.
¶ 8. Stephens properly was sentenced for two separate crimes.

Issue 2 & 3: Whether the indictment was defective
¶ 9. Stephens next alleges that the indictment was defective under Rule 7.06 of the Uniform Rules of Circuit and County Court Practice and under Article 6, § 169 of the state constitution. He is arguing that the signature of the grand jury foreman appears after the phrase "against the peace and dignity of the state." The ample case law, holding that this phrase as required in the constitution is a formal matter that must conclude an indictment, does not mean that the grand jury foreman's signature is to come before that phrase. In fact, the opposite is true. The last required item on the indictment document is the signature, while the "peace and dignity" language is the last phrase in the text of the indictment following the charging language and before the signature. See McNeal v. State, 658 So.2d 1345 (Miss. 1995). No case law has been pointed out to us that holds otherwise. For that language to "conclude" the indictment does not mean it appears by itself at the bottom of the page on which the charging language is typed and signed. It is incorporated into the charging language and concludes it.
¶ 10. Regardless, the plea of guilty would have waived the defect had it been one, which it was not.

Issue 4: Whether the defendant was deprived of an independent and informed grand jury.
¶ 11. Stephens argued that since the indictment did not conform to Article 6, § 169 of the Mississippi Constitution regarding the placement of the "peace and dignity" language, the State's failure to inform the grand jury of this fact violated his right to have a fully informed and independent grand jury. Since we have found no such defect in the indictment, we need not discuss this question separately.

Issue 5: Waiver of right to indictment
¶ 12. The petitioner claims that he never waived his right to an indictment. Since in Stephens's opinion the indictment was fatally defective for the misplacement of the "peace and dignity" language, it was no indictment at all.
¶ 13. We have previously found the indictment to be valid. That necessarily *416 means that no issue of waiver of indictment arises.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY DENYING POST CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.