¶ 1. In 1994 David Earl McCaleb pled guilty to two counts of the unlawful sale of a controlled substance. In 1998 he filed a petition for relief under the Uniform Post Conviction Collateral Relief Act. The grounds alleged were that he was denied effective assistance of counsel due to his attorney's failure to disclose a conflict of interest and his failure to object to the indictment on double jeopardy grounds. McCaleb further alleged that he entered his guilty plea involuntarily because he did not give his informed consent to proceed with the representation despite the alleged conflict. The trial court, after an evidentiary hearing, denied relief. We affirm.
 FACTS
¶ 2. David Earl McCaleb was indicted as an habitual offender on August 26, 1994, on two counts of the sale of a controlled substance. The indictment alleged that on January 4, 1994, McCaleb twice sold cocaine to Maurice Turner. McCaleb entered a guilty plea on September 30, 1994, in the Sunflower County Circuit Court and was sentenced to forty years for each count.
¶ 3. On September 29, 1997, McCaleb filed a motion to vacate and set aside his conviction and sentence, alleging that he was denied effective assistance of counsel because of the conflict of interest and because of his attorney's failure to quash one of the two counts in the indictment on double jeopardy grounds. McCaleb also argued that his guilty plea was involuntary because it was made without knowledge of his attorney's conflict of interest.
¶ 4. An evidentiary hearing was conducted on December 7, 1997. The judge denied McCaleb's motion to vacate, finding that even if the allegations were true, they were "insufficient to prove that Petitioner received ineffective assistance of counsel demanding that his guilty plea and sentence be vacated."
¶ 5. On December 23, 1997, McCaleb filed a motion under M.R.C.P. 52(a), requesting the court to "set forth factual findings of his claim made under ground number one of the Motion to vacate and set aside sentence and conviction." The circuit judge denied McCaleb's motion, finding that it was not timely filed and that the December 8th order sufficiently addressed the facts and applicable law in the case. McCaleb appealed.
 DISCUSSION
¶ 6. McCaleb contends that he was denied effective assistance of counsel and that he entered into his guilty plea involuntarily. He is proceeding pro se, and thus we have discretion to address the substance of what appears to be a petitioner's complaint even if inartfully phrased.
¶ 7. McCaleb's complaint arises from the fact that he pled guilty to a drug offense in March 1994, and then in September 1994 *Page 411 
he pled guilty to the offense from which he is now seeking relief. At the time of the March guilty plea, attorney Cleve McDowell represented a codefendant named Jamie Davis. The transcript of the March guilty plea indicates that McCaleb and Davis sought a severance so that, in the words of the prosecutor, "each could point their finger at the other." After McCaleb pled guilty, McDowell (representing the other defendant Davis who had not pled) tried to get permission to ask him some questions on the record in open court. After some skirmishing between McDowell and McCaleb's then-counsel, no testimony was taken. Thus it is evident that McCaleb knew of attorney McDowell's representation of his March codefendant. Whether McCaleb later made any statements does not appear.
¶ 8. Seven months later when different drug charges were being pursued, McCaleb was represented by McDowell. It is difficult to determine exactly what McCaleb is arguing. Some of his allegations seem premised on attorney McDowell's failure in September to inform McCaleb that he had represented Jamie Davis in the prior drug transaction. That cannot be important, as the transcript of the March hearing shows that McCaleb and McDowell were face to face in the courtroom, after having earlier conversed in a side room regarding the questions that McDowell wished to ask.
¶ 9. According to McCaleb, McDowell's involvement in the prior case constituted an actual conflict of interest which he failed to disclose, constituting ineffective assistance of counsel and rendering McCaleb's guilty plea in the present case involuntary. The Sixth Amendment right to counsel encompasses a right to effective assistance from an attorney who is conflict-free. Sykesv. State, 624 So.2d 500, 503 (Miss. 1993). To prevail on his ineffective assistance of counsel claim, McCaleb must demonstrate "that his counsel's performance was deficient, and that the deficiency prejudiced the defense of the case." Strickland v.Washington, 466 U.S. 668, 686 (1984). In the absence of an actual conflict of interest, prejudice will not be presumed. Perry v.State, 682 So.2d 1027, 1031 (Miss. 1996).
¶ 10. At the 1997 evidentiary hearing McCaleb tried to explain the argument of a conflict of interest. He said that attorney McDowell "tried to get me to make a statement clearing Jamie Davis"; when asked how that created a later conflict, McCaleb said it was because his lawyer failed to inform him fully of the possible sentence. That was a factual matter, and the transcript of the September 1994 guilty plea hearing indicates that the trial court properly informed McCaleb of the sentence.
¶ 11. We simply are at a loss to discern a conflict. Dual representation creates no per se conflict of interest. Littlejohnv. State, 593 So.2d 20, 26 (Miss. 1992). If Davis and McCaleb's interests were actually antagonistic in the previous guilty plea, McDowell would have had a conflict to represent both of them in that earlier prosecution; of course, he did not represent both. But that possible conflict does not continue to bar the attorney from representing McCaleb in a later and unrelated case. At the time of the entry of McCaleb's guilty plea in September, McDowell no longer represented Davis. There is no evidence that Davis had a role in the second transaction.
¶ 12. We do not overlook the significance of the March guilty plea. The sentence received in March was used to enhance the sentence received in September. To give McCaleb the benefit of an argument he did not make, perhaps if there were facts to show that attorney McDowell successfully but coercively got McCaleb to exonerate Davis and implicate himself in the March prosecutions, there might have been a basis to attack the March guilty plea and sentence and thereby prevent the enhancement in September. The March codefendant's *Page 412 
attorney, who became McCaleb's September attorney, in such circumstances might not want to expose his own coercion. Though this speculation is our best effort to discern the basis of a conflict, there is absolutely no evidence or even allegation that this occurred. At most McCaleb says that attorney McDowell "tried" to get him to exonerate Davis and presumably implicate himself. From the record, that did not happen.
¶ 13. Attorney McDowell's representation of a codefendant in a prior prosecution is insufficient to demonstrate an actual conflict of interest. The possibility of a conflict is insufficient to impugn a criminal conviction. Thomas v. State,472 So.2d 425, 428 (Miss. 1985).
¶ 14. The second prong of the Strickland test requires the appellant to demonstrate that counsel's deficiency prejudiced the defense. Strickland, 466 U.S. at 687. However, "prejudice is presumed only if the defendant demonstrates that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance." Perry v.State, 682 So.2d 1027, 1030 (Miss. 1996).Where no actual conflict of interest is present the appellant must demonstrate prejudice. The appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 1031. McCaleb has failed to demonstrate that he would not have pled guilty in the present case if he had known that McDowell represented his codefendant in an earlier proceeding. In fact, he did know.
¶ 15. The supreme court has upheld convictions where the defense had previously represented a witness for the State. Perry, 682 So.2d at 1029. Similarly, the court held that trial counsel's prior representation of a cooperating witness, which was limited to the witness's post arrest interview, did not deny the defendant effective assistance of counsel where the interview did not reveal any conflict with defendant's interests. Cabello v. State,524 So.2d 313, 316 (Miss. 1988).
¶ 16. McCaleb further asserts that his counsel was ineffective due to his failure to "object to or quash one of the two counts in the indictment based on double jeopardy." He claims that because the two offenses for which he was indicted contain the same elements, double jeopardy bars prosecution for both. McCaleb was indicted for selling cocaine on two separate occasions. That both sales occurred on the same day does not create a double jeopardy problem. Separate acts, though committed close in point of time to one another, may constitute separate criminal offenses. Clemons v.State, 482 So.2d 1102, 1106 (Miss. 1985) (prosecution of defendant for two separate sales of cocaine did not violate his right to be free from double jeopardy, though sales were completed within a day of each other to same buyer).
¶ 17. Finally, we note McCaleb's claim that since there was a conflict of interest, he could proceed in the case with McDowell and plead guilty only after first waiving the conflict. However, since there was no conflict of interest, there was no waiver needed before McCaleb could plead guilty.
¶ 18. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT DENYINGPOST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL AREASSESSED TO SUNFLOWER COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, COLEMAN, DIAZ, LEE, PAYNE,AND THOMAS, JJ., CONCUR.
IRVING, J., NOT PARTICIPATING. *Page 413