753 So.2d 449 (1999)
Oliver JOHNSON, III, Appellant,
v.
STATE of Mississippi, Appellee.
No. 98-CP-00663-COA.
Court of Appeals of Mississippi.
November 16, 1999.
*451 Oliver Johnson, III, Appellant, pro se.
Office of the Attorney General by Billy L. Gore, Attorney for Appellee.
BEFORE KING, P.J., BRIDGES, DIAZ, AND IRVING, JJ.
BRIDGES, J., for the Court:
¶ 1. In 1996, Oliver Johnson pled guilty to the possession of cocaine with the intent to distribute within 1,000 feet of a school. He was sentenced to a term of twenty years with five years suspended and fifteen to serve with the Mississippi Department of Corrections. After failing to comply with his plea-bargaining agreement, the trial court re-sentenced Johnson to serve a term of thirty years. In 1997, he filed a motion to vacate and set aside the conviction and the sentence. The Leake County Circuit Court denied this motion. Aggrieved with this decision, Johnson appeals to this Court arguing (1) that he received ineffective assistance of counsel; (2) that his indictment was McNeal defective; (3) that he was re-sentenced in violation of Miss.Code Ann. § 47-7-33 and in violation of the law against double jeopardy; (4) that the circuit judge erred in denying his pretrial motion for severance; and (5) that there was insufficient evidence of his possession of the cocaine to support an indictment. After thorough review, we find that the circuit court was in error when it re-sentenced Johnson to a greater sentence. Therefore, we affirm in part and reverse and render in part.

FACTS
¶ 2. On August 28, 1996, Oliver Johnson, a/k/a "Bodacious," and Rashaad Hayes were jointly indicted for possession of cocaine with the intent to distribute with said possession being within 1,000 feet of Carthage High School. Hayes had previously given a statement to local authorities in which he described the facts surrounding the offense. Apparently, there were several men involved in the manufacturing and distribution of rock cocaine. A heated dispute arose over the selling price of the rock cocaine, and some of these men drew guns and began firing at one another. At this point, Johnson was struck by a bullet and injured.
¶ 3. On September 3, 1996, both Johnson and Hayes pled guilty to the possession of cocaine with the intent to distribute within 1,000 feet of a school, and Johnson was sentenced to a term of twenty years in the Mississippi Department of Corrections with five years suspended and fifteen to *452 serve. This sentence was part of a plea bargain agreement and conditioned on the fact that both men would give "truthful testimony against any unindicted person in this case." In May of 1997, both men were subpoenaed and brought before the Leake County Grand Jury to give testimony as per their plea bargain agreement, but both men refused to testify. The State then filed a motion for re-sentencing, and Johnson was re-sentenced to serve a term of thirty years with the Mississippi Department of Corrections. On December 9, 1997, Johnson filed a motion to vacate his guilty plea and to set aside his conviction and sentence. The trial judge dismissed Johnson's motion for post-conviction relief on the ground that it failed to state a cause for which relief can be granted. Johnson has now perfected his appeal to this Court.

ARGUMENT AND DISCUSSION OF LAW

I. WHETHER JOHNSON RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 4. Johnson is arguing on appeal that he was denied effective assistance of counsel. Johnson contends that his attorney failed to pursue discovery, failed to object to a defective indictment, and failed to step down from the case of Johnson's co-defendant, Hayes. Johnson is proceeding pro se, and as this Court has previously stated, "we have the discretion to address the substance of what appears to be a petitioner's complaint even if inartfully phrased." McCaleb v. State, 743 So.2d 409 (¶ 6) (Miss.Ct.App. 1999).

Standard of Review
¶ 5. The Mississippi Supreme Court adopted the Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), standard for evaluating ineffective assistance of counsel claims. Eakes v. State, 665 So.2d 852, 872 (Miss.1995). A defendant has to show that his attorney's performance was deficient, and that the deficiency was so substantial as to deprive the defendant of a fair trial. Id. We require that the defendant prove both elements. Brown v. State, 626 So.2d 114, 115 (Miss.1993); Wilcher v. State, 479 So.2d 710, 713 (Miss.1985). In any case presenting an ineffective assistance of counsel claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances. Foster v. State, 687 So.2d 1124, 1129 (Miss.1996). This is measured by a totality of the circumstances, and thus, the Court must look at counsel's over-all performance. Taylor v. State, 682 So.2d 359, 363 (Miss.1996). There is no constitutional right to errorless counsel. Foster, 687 So.2d at 1130. "Judicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689, 104 S.Ct. 2052.
[T]here is a strong presumption that counsel's performance falls within the range of reasonable professional assistance. To overcome this presumption, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."
Schmitt v. State, 560 So.2d 148, 154 (Miss. 1990) (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052).

Issue 1: Was Johnson denied effective assistance of counsel by his attorney's failure to pursue discovery?
¶ 6. In his submitted brief, Johnson specifically argues that his attorney did not pursue discovery and never told Johnson the amount of cocaine that he supposedly possessed. He further maintains that this "discovery" would have changed his mind about pleading guilty and also would have produced a different result at a trial. The State contends that Johnson's claim was waived by his plea of guilty. Even without the waiver, the State argues that Johnson's claim was not specific and failed *453 to show that his counsel's performance was deficient or that it prejudiced him in any way. We agree.
¶ 7. The Mississippi Supreme Court has stated:
[W]e have recognized that a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial. We have generally included in this class "those [rights] secured by the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, as well as those comparable rights secured by Sections 14 and 26, Article 3, of the Mississippi Constitution of 1890."
Anderson v. State, 577 So.2d 390, 391 (Miss.1991)(quoting Sanders v. State, 440 So.2d 278, 283 (Miss.1983)).
¶ 8. Moreover, even if Johnson's argument was not waived, we find it to be without merit. Johnson has failed to demonstrate that there is reasonable probability that had counsel pursued discovery the result would have been different. Johnson's brief implies that the "amount" of cocaine might have made a difference in his choice to plead guilty. However, this does not show a deficiency in his counsel's representation. The trial transcript shows that Johnson understood the guilty plea petition and that by pleading guilty he would be waiving certain rights. In Wilson v. State, 577 So.2d 394, 396 (Miss. 1991), the supreme court held that "a guilty plea must be made voluntarily in order to satisfy the defendant's constitutional rights." A plea is considered voluntary if the defendant knows the elements in the charge against him, including an understanding of the charge, the effect of the plea, and the possible sentence. Taylor v. State, 682 So.2d 359, 362 (Miss.1996). Furthermore, there should be a complete record of the plea to ensure that the defendant's plea was voluntary. Id.
¶ 9. In the case sub judice, there is ample evidence in the transcript of the guilty plea proceeding that the judge's remarks thoroughly explained the charges and consequences to Johnson. Further, the trial transcript shows that Johnson was pleased with his attorney's services and had no complaints about his performance. Based on the foregoing discussion, Johnson's guilty plea was voluntary, and there is no proof that Johnson's counsel was deficient in his representation, much less that Johnson was prejudiced as a result. Accordingly, this claim is without merit.

Issue 2: Was Johnson denied effective assistance of counsel by his attorney's failure to object to the defective indictment?
¶ 10. Johnson next alleges that his attorney should have objected to the indictment because it was defective under Rule 7.06 of the Uniform Rules of Circuit and County Court Practice and under article 6, § 169 of the state constitution. He is arguing that the signature of the grand jury foreman appears after the phrase "against the peace and dignity of the state." This Court has recently recognized that the case law in Mississippi, "holding that this phrase as required in the constitution is a formal matter that must conclude an indictment, does not mean that the grand jury foreman's signature is to come before that phrase." Stephens v. State, 739 So.2d 413 (¶ 9) (Miss. Ct.App. 1999). As the Mississippi Supreme Court found in McNeal, "the last required item on the indictment document is the signature, while the `peace and dignity' language is the last phrase in the text of the indictment following the charging language and before the signature." Id. (citing McNeal v. State, 658 So.2d 1345 (Miss.1995)). Johnson does not cite any case law that holds otherwise. As this Court held in Stephens, "[f]or that language to `conclude' the indictment does not mean it appears by itself at the bottom of the page on which the charging language is typed and signed. It is incorporated into the charging language and concludes it." Id. Regardless of the language in the *454 indictment, Johnson's guilty plea would have waived the defect had there been one, which there was not. Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989). Accordingly, this issue is without merit.

Issue 3: Was Johnson denied effective assistance of counsel by his attorney's failure to step down from the case of Johnson's co-defendant, Hayes?
¶ 11. Johnson also argues that his attorney had a conflict of interest because he represented Johnson's co-defendant, Hayes. The State contends that Johnson fails to show how he has been prejudiced by the attorney's representation of both Johnson and Hayes. This Court has held that "dual representation creates no per se conflict of interest." McCaleb at (¶ 11); Littlejohn v. State, 593 So.2d 20, 26 (Miss. 1992). In order to demonstrate an actual conflict of interest, Johnson must show under the second prong of the Strickland test that his counsel's deficiency prejudiced the defense. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. He must further show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." McCaleb at (¶ 14); Perry v. State, 682 So.2d 1027, 1030 (Miss.1996). Johnson has failed to demonstrate that the dual representation prejudiced him in any way. His argument states only that counsel should have "stepped down" from the case when he found that he was representing both Johnson and Hayes. As we stated earlier, there is no per se conflict of interest. McCaleb at (¶ 11). Accordingly, we find this issue to be without merit.

II. WHETHER JOHNSON'S INDICTMENT WAS MCNEAL DEFECTIVE.
¶ 12. As we discussed in Issue 1(2), Johnson's indictment was not defective under the standard outlined in McNeal at 1350. We therefore find this issue to be without merit.

III. WHETHER JOHNSON WAS RE-SENTENCED IN VIOLATION OF MISS. CODE ANN. 47-7-33 AND IN THE VIOLATION OF THE LAW AGAINST DOUBLE JEOPARDY.
¶ 13. Johnson was sentenced to a term of twenty years with five years suspended and fifteen to serve in the Mississippi Department of Corrections. This sentence was a result of a plea bargain agreement and was conditioned on the fact that Johnson would later give testimony against "any unindicted person in the case." Because he failed to fulfill the condition of his sentence, the trial judge resentenced Johnson to a term of thirty years. Johnson is now arguing that the circuit court committed manifest error when they re-sentenced him and gave him a longer sentence. He contends that the court sentenced him a second time for the same offense which amounts to double jeopardy and is a violation of Miss.Ccde Ann. 47-7-33 (Rev.1993). Although the State cites no authority, they argue that the suspended portion of Johnson's original sentence was properly revoked and that Johnson was properly re-sentenced to thirty years because he violated a condition precedent for the twenty year sentence by refusing to testify. Unlike Issues I, II, IV, and V, this is a constitutional issue that cannot be waived. Matlock v. State, 732 So.2d 168 (¶ 10)(Miss.1999). We agree that because Johnson violated the condition of his suspended sentence, the court may reinstate the original sentence. However, the court cannot set aside that sentence and impose a greater sentence. Therefore, we reverse and render on this issue.
¶ 14. The Mississippi Supreme Court has found that "[t]he normal course of action when suspending a sentence is to impose a sentence, determine what portion should be suspended then impose a probationary period." Wilson v. State, 735 So.2d 290(¶ 4)(Miss.1999); Artis v. State, 643 So.2d 533 (Miss.1994). In the case sub judice, no probationary period was ever set for the five year suspended sentence. However, as stated in the Wilson case, *455 "while this is not a revocation of probation, it stands to reason that the same due process analysis applies to revocation of suspended sentence proceedings." Wilson at (¶ 7) (citing Artis, 643 So.2d at 536). The supreme court has also found that:
The courts are empowered to revoke any or all of the defendant's probation or any part or all of the suspended sentence if, during the period of probation, it is found that the defendant violated the conditions of his probation/suspended sentence.
Artis, 643 So.2d at 537 (citing Moore v. State, 585 So.2d 738 (Miss.1991)).
¶ 15. During the hearing, the judge informed Johnson that the maximum sentence he could receive was sixty years. Johnson responded that he was aware of the maximum sentence, and it is clear from the record that he understood the terms and the conditions of the suspended sentence he was being offered. The trial transcript shows that the judge fully informed Johnson that his sentence was conditioned on his cooperation to give truthful testimony. Johnson violated this condition, and the court re-sentenced Johnson to a term of thirty years. Although it is clear from the record that Johnson understood the minimum and maximum sentence for the crime, at no point during sentencing did the court mention a sentence of thirty years. The circuit court sentenced Johnson to twenty years with five suspended which was a definite sentence of twenty years, not thirty. The Mississippi Supreme Court has held that when a defendant is found to have violated the terms and conditions of his probation, the court has the power to "impose any sentence which originally could have been imposed." Leonard v. State, 271 So.2d 445, 447 (Miss.1973). However, if "a guilty plea has been accepted and a suspended sentence has been imposed, the court cannot later impose a period of incarceration exceeding the original suspended sentence.... [t]o do so would expose the defendant to double jeopardy." Wallace v. State, 607 So.2d 1184, 1187 (Miss.1992) (citing Leonard at 447). In the case sub judice, since the circuit court had already exercised its option to impose a definite sentence of twenty years, it cannot set that sentence aside and impose a greater sentence. Id. Therefore, the thirty year sentence will be hereby set aside, and the original sentence reinstated. Accordingly, the original sentence of twenty years is hereby reinstated.

IV. WHETHER THE CIRCUIT JUDGE ERRED IN DENYING HIS PRETRIAL MOTION FOR SEVERANCE.
¶ 16. The next issue that Johnson argues is that the circuit judge erred by denying his motion for severance. He contends that the judge should have granted his motion for severance because his co-defendant, Hayes, was coerced into signing an affidavit that made incriminating statements against him. The State contends that this right was waived by Johnson's guilty plea. There are only two exceptions in which a voluntary guilty plea does not waive a defect: (1) if an indictment fails to charge a necessary element of the crime and (2) there is no subject matter jurisdiction. Jefferson, 556 So.2d at 1019. Further the Mississippi Supreme Court has recognized "that a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial." Anderson 577 So.2d at 391. Therefore, Johnson has waived this right by his voluntary guilty plea. Further, this Court has found that "[t]he trial judge has the discretion to grant a severance if it is necessary to promote a fair determination of the defendant's guilt or innocence." Hammonds v. State, 734 So.2d 295 (¶ 13)(Miss.Ct.App.1999). Unless Johnson shows that he was prejudiced, there are no grounds to hold the trial court abused its discretion. Duckworth v. State, 477 So.2d 935, 937 (Miss.1985). As we discussed in Issue I(3), Johnson has not shown that he was prejudiced by the dual representation. Accordingly, this issue is without merit.

*456 V. WHETHER THERE WAS INSUFFICIENT EVIDENCE OF JOHNSON'S POSSESSION OF COCAINE TO SUPPORT AN INDICTMENT.
¶ 17. Finally, Johnson argues that there was insufficient evidence of his possession of cocaine to support an indictment. He contends that the State must prove beyond a reasonable doubt each essential element of the crime, which is in this case constructive possession. He concludes that there is insufficient evidence to establish constructive possession. The State maintains that this claim was waived by his voluntary plea of guilty which had the effect of waiving a trial by jury.
¶ 18. As we have previously discussed in Issue I,
a guilty plea operates to waive the defendant's privilege against self-incrimination, the right to confront and cross-examine the prosecution's witnesses, the right to a jury trial and the right that the prosecution prove each element of the offense beyond a reasonable doubt.
Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989)(emphasis added). Johnson's voluntary guilty plea waived his right to a jury trial and the requirement that the prosecution prove each element of the offense. Therefore, this issue is without merit.
¶ 19. ON POST CONVICTION RELIEF, THE JUDGMENT OF THE LEAKE COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF COCAINE WITH THE INTENT TO DISTRIBUTE WITHIN 1,000 FEET OF A SCHOOL IS AFFIRMED IN PART AND REVERSED AND RENDERED IN PART. THE THIRTY YEAR SENTENCE IS SET ASIDE AND THE FIVE YEAR SUSPENSION IS HEREBY REVOKED. THE APPELLANT IS SENTENCED TO TWENTY YEARS TO BE SERVED IN THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND APPELLANT IS GIVEN CREDIT FOR ALL TIME SERVED. ALL COSTS OF THIS APPEAL ARE TAXED TO LEAKE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.