758 So.2d 1082 (2000)
Ronnie Earl McCUISTON a/k/a Ronnie Earl McChristian, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-CP-00793-COA.
Court of Appeals of Mississippi.
April 11, 2000.
*1084 Ronnie Earl McCuiston, Appellant, pro se.
Office of the Attorney General by Pat S. Flynn, Attorney for Appellee.
BEFORE McMILLIN, C.J., BRIDGES, AND PAYNE, JJ.
McMILLIN, C.J., for the Court:
¶ 1. Ronnie Earl McCuiston has appealed from an order of the Circuit Court of Grenada County denying him relief on a post-conviction relief petition filed approximately three years after McCuiston entered a plea of guilty to two drug-related charges. McCuiston's appeal suggests that the trial court erred when it found no merit in his claim of ineffective assistance of counsel. Alternatively, McCuiston urges that, at a minimum, he alleged the existence of sufficient facts to entitle him to an evidentiary hearing on his claim. We find McCuiston's arguments to be without merit and, therefore, affirm the decision of the trial court.
¶ 2. McCuiston's claim of ineffective assistance of counsel relies on the notion that his attorney demonstrated his incompetence by failing to seek a severance as to the charges against McCuiston arising out of an alleged drug transaction in which McCuiston and two co-defendants were jointly indicted. McCuiston's attorney represented all three of the co-indictees, and all three entered pleas of guilty on the day set for their trial. McCuiston attempted to fire his attorney the morning of trial and was told by the trial court that he could fire the attorney but that he would not be granted a continuance to obtain other counsel. It was at that point that McCuiston agreed to enter a guilty plea in exchange for a sentencing recommendation from the State.
¶ 3. McCuiston points to no evidence in the record, supplied by affidavit or otherwise, to indicate that any of the recognized grounds for severance existed. He does not show that the evidence pointed more toward the guilt of one of the other co-indictees than to him. See Stevens v. State, 717 So.2d 311, 312-13 (Miss.1998). Further, there is no evidence that any of the co-defendants were attempting to establish their innocence by shifting responsibility for the crime to McCuiston. Id. At the plea hearing, the State's recital of its available evidence implicated all defendants essentially equally and was said to include a videotape of the transaction.
¶ 4. The right of a criminal defendant to challenge the effectiveness of his attorney arises out of the notion that the Sixth Amendment right to counsel necessarily means a competent, professionally proficient counsel. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Nevertheless, the United States Supreme Court has said that, in such post judgment challenges, there is a strong presumption that an attorney's services were performed at a level that meets the basic requirements of professional competency. Id. at 688, 104 S.Ct. 2052. In order to overcome that presumption, the convicted defendant must show that (a) counsel's performance was deficient by making errors so serious that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment, and (b) but for the deficient performance, there was a reasonable likelihood of a more favorable outcome of the case. Id. at 687, 694, 104 S.Ct. 2052.
¶ 5. McCuiston's attorney's failure to seek a severance when, insofar as the record reveals, there was no reasoned basis to pursue one, fails to satisfy either prong of the Strickland test.
¶ 6. McCuiston's real argument seems to be that seeking a severance was a tactic having some potential to obtain for him a more favorable recommended sentence during plea bargaining, rather than as a tactic to ensure that he obtained a fundamentally fair determination of his guilt or innocence. This is a somewhat different twist on an attorney's duty, which *1085 is to pursue a course of action having little real chance for direct success in the hope that it will, nonetheless, have some nuisance value in the negotiating process leading up to an agreed plea recommendation. Absent some indication of special circumstances peculiar to the casewhich McCuiston does not provide in this instance this Court is unpersuaded that such a trial tactic was one likely to have resulted in a significantly more lenient sentence recommendation from the State to avoid having to (a) resist McCuiston's motion and (b) try him separately even were he successful in the motion. Thus, from this angle, McCuiston's claims of ineffective assistance fail to show with any certainty that a more favorable result would have been obtained, which is the second prong of Strickland.
¶ 7. McCuiston made additional allegations before the circuit court of incompetence in regard to his attorney's performance regarding the attorney's failure to raise perceived defects in the affidavits used to procure his arrest warrant and defects in the indictment itself. However, McCuiston does not specifically argue those points before this Court on appeal, except to the extent that they may relate to the claim that the trial court erred in dismissing his petition without a hearing. Assuming, for sake of argument, that those issues are preserved for appellate review, we are satisfied that they were without merit. McCuiston supported his claim that the affidavits on which his arrest warrant was issued were defective by attaching to his post-conviction relief petition copies of the affidavits showing them to be unsigned. He suggested that the affidavits were completed only after he was arrested in an attempt to cover up the procedural defect in his arrest. However, he presented no factual basis for that claim other than his own unsupported accusatory pleadings. The trial court's findings included a statement that the court had reviewed the court file and found that, in fact, there were fully executed affidavits to support the arrest warrant. The court further noted that, even were McCuiston's arrest improper, his only remedy in the context of this criminal prosecution would be to exclude evidence obtained incident to that arrest and none of the State's evidence as proffered at the plea acceptance hearing was derived in that manner.
¶ 8. Besides alleging these defects in the manner of his arrest, McCuiston charged that the indictment itself was defective because the signature of the grand jury foreman came after the constitutionally-mandated phrase "against the peace and dignity of the state." MISS. CONST. Art. 6, § 169. McCuiston claims that this renders the indictment fatally defective by virtue of the constitutional mandate that the indictment conclude with the quoted phrase. This perceived defect has been previously determined to be without merit. Stephens v. State, 739 So.2d 413(¶ 9) (Miss.Ct.App. 1999). Additionally, such defects are procedural and may be cured by amendment. Brandau v. State, 662 So.2d 1051, 1054-55 (Miss.1995). Had defense counsel raised even a meritorious violation of the constitutional provision, such as the total omission of the words, there is little doubt but that the defect would have been promptly remedied as a matter of course on motion of the State. Thus, it is difficult to envision how the failure to raise a procedural defect offers any real possibility that a different outcome would have resulted, and it is for this reason that the entry of a guilty plea has been said to be a waiver of any purely procedural defects in the indictment. Jefferson v. State, 556 So.2d 1016, 1017 (Miss.1989).
¶ 9. As to the failure to grant an evidentiary hearing, the statute makes clear that a petitioner must demonstrate, by affidavit or otherwise, that there are unresolved issues of fact that, if concluded favorably to the petitioner, would warrant relief. Miss.Code Ann. § 99-39-19 (Rev. 1994). Mere allegations in the pleadings themselves, otherwise unsupported, are not sufficient to require a hearing. Cole v. *1086 State, 666 So.2d 767, 777 (Miss.1995). Claims by the petitioner, even if supported by affidavit, that are contradicted by the record of the plea acceptance hearing may be disregarded by the trial court. Taylor v. State, 682 So.2d 359, 363 (Miss.1996). In this case, McCuiston's claims regarding the ineffectiveness of his attorney involve those matters already discussed together with allegations that the attorney made representations to McCuiston to improperly encourage him to enter a plea of guilty against his better judgment. The trial court, before accepting McCuiston's guilty plea, made a thorough inquiry into his satisfaction with the service provided by his attorney. If, in fact, the attorney had been bringing improper pressure on McCuiston to enter an ill-advised plea, there appears no logical reason why McCuiston could not have raised those issues in response to the court's inquiry. McCuiston's belated attempt to complain that his counsel was not motivated by the proper considerations when the attorney urged that offering a guilty plea in exchange for the proposed recommendation of sentence was in his client's best interest is not the sort of thing that raises a justiciable issue in a post-conviction relief proceeding.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF GRENADA COUNTY OF DENIAL OF POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GRENADA COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.