817 So.2d 630 (2002)
Kevin J. EATON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2001-CP-00278-COA.
Court of Appeals of Mississippi.
May 21, 2002.
*631 Kevin J. Eaton, Appellant, pro se.
Office of the Attorney General by Jeffrey A. Klingfuss, Jackson, attorney for appellee.
Before McMILLIN, C.J., LEE, and BRANTLEY, JJ.
McMILLIN, C.J., for the Court.
¶ 1. Kevin J. Eaton, a prisoner in custody of the Mississippi Department of Corrections, has appealed from an order of the Circuit Court of Harrison County entered on January 16, 2001, denying his motion for post-conviction relief. Eaton's claim for relief was based on the assertion that his conditional release under a suspended sentence was improperly revoked by the trial court. Finding no merit in this appeal, we affirm the judgment of the circuit court.
¶ 2. Eaton originally pled guilty to two counts of criminal conduct for procuring controlled substances through the use of forged prescription documents. He was sentenced to five years to serve; however, the trial court suspended the imposition of the sentence for two years conditioned on Eaton's ability to comply with a number of conditions of his release. Eaton's suspended sentence was later revoked and he was ordered to serve the five years of the original sentence in the custody of the Mississippi Department of Corrections.
¶ 3. Eaton's post-conviction relief motion claims that his suspended sentence was improperly revoked for testing positive for marijuana use because the test was conducted on the same day he was sentenced and only revealed possible drug use that predated the imposition of the terms of his conditional release. In denying Eaton's petition, the trial court found as a matter of fact that Eaton's suspended sentence was revoked for a number of violations other than suspected drug use, including the fact that he had left the state of Mississippi without permission, had failed to report a change of address, and had failed to periodically report to the responsible official supervising his conditional release.
¶ 4. Eaton has appealed that decision to this Court. Before this Court he reiterates his claim that the only proven drug use occurred prior to the implementation of the terms of his release and could not, therefore, be a violation of those terms. Additionally, he seeks to argue that he was never told of the requirement to report changes of address, and that he had left the state for worthwhile purposes, including finding employment and caring for his dependents and ailing family members.
¶ 5. It is not permissible to raise issues for the first time on appeal. Gardner v. State, 531 So.2d 805, 808-09 (Miss. 1988). A motion for post-conviction relief must contain a "concise statement of the claims or grounds upon which the motion is based." Miss.Code Ann. § 99-39-9(1)(c) (Supp.2001). Eaton's motion presented only the question of whether his drug use had occurred prior to the entry of the order setting the terms of his conditional release. The trial court denied Eaton relief on that motion on a finding that this proven use of illegal drugs was not the sole ground satisfactory under the law to revoke Eaton's suspended sentence and that, without regard for when that drug use occurred, the remaining grounds alleged by the State were sufficient to set aside the suspended sentence. The trial court's findings of fact are entitled to substantial *632 deference on appeal. Meeks v. State, 781 So.2d 109, 113 (¶ 9) (Miss.2001).
¶ 6. There is no authority for this Court to explore the legitimacy of asserted grounds for ordering Eaton's incarceration that were not presented in Eaton's post-conviction relief motion. Based on the circuit court's determination that Eaton's confinement was required on other legally sufficient grounds, that court was correct in dismissing the motion without hearing since it would "plainly appear[ ] from the face of the motion ... that the movant [was] not entitled to any relief. ..." Miss. Code Ann. § 99-39-11(2) (Rev.2000).
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.