GRIFFIS, J.,
for the Court.
¶ 1. Theodus Kendrick filed a petition for post-conviction relief challenging his guilty plea for the sale of cocaine. Kendrick’s petition was denied by the circuit court, and we affirm.
FACTS
¶ 2. Theodus Kendrick was indicted for the sale of cocaine within 1,000 feet of a park in violation of Mississippi Code Annotated Section 41-29-142. The indictment was later amended, and Kendrick was indicted for selling cocaine, as a repeat offender, pursuant to Mississippi Code Annotated Section 49-29-147. Kendrick pled *421 guilty to the charges in the second indictment and was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections.
¶ 3. Kendrick’s petition for post-conviction relief alleged error for prosecu-torial misconduct. The circuit court denied the petition, and Kendrick appeals asserting three issues. The second and third issues were not presented in the original petition before the circuit court. Therefore, these issues are not properly before this Court for consideration and will not be considered. Eaton v. State, 817 So.2d 630, 632(¶ 6) (Miss.Ct.App.2002). The only issue properly before this Court is whether Kendrick’s claim of prosecutorial misconduct was sufficient to require an evidentiary hearing. We find that it was not.
STANDARD OF REVIEW
¶ 4. In Brown v. State, 731 So.2d 595 (Miss.1999), the Mississippi Supreme Court described the applicable standard of review after the denial of a petition for post-conviction relief. “When reviewing a lower court’s decision to deny a petition for post conviction relief, this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo.” Id. at 598.
ANALYSIS
¶ 5. Kendrick’s claim of prosecutorial misconduct arises from the fact that two indictments were issued in this case. Kendrick claims that he was first indicted for selling cocaine within 1,000 feet of a park. According to Kendrick, at a pre-trial hearing, a police officer testified that no park was in the vicinity where Kendrick sold the cocaine. However, the police officer testified there were two churches within the 1,000 foot area. Kendrick alleges that based on this information, the prosecution obtained a superseding indictment to correct the error. Kendrick claims this constituted prosecutorial misconduct.
¶ 6. Interestingly enough, Kendrick’s theory appears to be based on his belief that, prior to the State’s discovery of the mistake in the original indictment, he thought he would be able to “exculpate” himself by proving that he sold cocaine near a church, not a park. Kendrick alleges that he lost his advantage at trial because the State was allowed to amend the indictment.
¶ 7. First, we find no record of any “pre-trial hearing” that Kendrick alleges took place. It is an appellant’s duty to justify his arguments of error with a proper record, which does not include mere assertions in his brief, or the trial court will be considered correct. Am. Fire Prot., Inc., et al. v. Lewis, 653 So.2d 1387, 1390 (Miss.1995).
¶ 8. Second, Kendrick pled guilty. In Johnson v. State, 753 So.2d 449 (Miss.Ct.App.1999), we held that only in limited circumstances will a guilty plea not waive a defect in the indictment.
There are only two exceptions in which a voluntary guilty plea does not waive a defect: (1) if an indictment fails to charge a necessary element of the crime and (2) there is no subject matter jurisdiction. Further the Mississippi Supreme Court has recognized “that a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial.”
Id. at 455 (citing Anderson v. State, 577 So.2d 390 (Miss.1991)).
¶ 9. Finally, while Kendrick is correct that two indictments were indeed issued in his case, there was nothing defective about either indictment. In the first *422 indictment, Kendrick was charged with selling cocaine within 1,000 feet of a park. Kendrick challenges the indictments because the word “park” was later changed to “church.” The second indictment, however, made no mention of a church. Instead, it charges Kendrick with selling cocaine, a crime with a potential sentence much less than that of selling cocaine within 1,000 feet of a park.
¶ 10. Kendrick was in a better position under the second indictment than the first. An indictment benefitting Kendrick could hardly be considered “prosecutorial misconduct.” The supreme court has previously held that the prosecution has the right to correct clerical errors or mistakes in an indictment, as long as the defendant has ample and sufficient notice of the offense with which he was charged. Dendy v. State, 224 Miss. 208, 213, 79 So.2d 827, 829 (1955). Based on the record before us, the State simply corrected a previous mistake in the indictment. We find no evidence to suggest otherwise. Therefore, we affirm the decision of the lower court.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.