BARNES, J.,
for the Court.
¶ 1. Michael Terell Elliott, pro se, appeals the denial of his motion for post-conviction relief. Finding no error, we affirm.
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. On February 21, 2002, Elliott pled guilty in the Circuit Court of Lowndes County to the charge of aggravated assault. He was sentenced to seven years in the custody of the Mississippi Department of Corrections, along with five years of post-release supervision. In November 2004, Elliott filed a motion for post-conviction relief, asserting that the circuit court acted beyond its authority in imposing the term of post-release supervision. Upon the denial of his motion, Elliott timely appealed to this Court.
STANDARD OF REVIEW
¶ 3. “In reviewing a trial court’s decision to deny a motion for post-conviction relief the standard of review is clear. The trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous.” Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002) (citing Kirksey v. State, 728 So.2d 565, 567(¶ 8) (Miss.1999)).
ISSUE AND ANALYSIS
I. WHETHER THE CIRCUIT COURT ERRED IN DENYING ELLIOTT’S MOTION FOR POST-CONVICTION RELIEF.
¶ 4. Elliott claims that in exchange for his guilty plea, he was offered a plea bargain under which he would receive a sentence of seven years of incarceration, and that a term of post-release supervision was never discussed. He argues that the circuit court thus improperly imposed upon him the five-year period of post-release supervision.[1]
¶ 5. In addressing Elliott’s motion for post-conviction relief, the circuit court found this argument to be without merit for a number of reasons. First, the circuit court recognized that section 47-7-34 of *611 the Mississippi Code (Rev.2004) gives the court the authority to sentence a defendant to up to five years of post-release supervision, as long as the total number of years of incarceration plus the total number of years of post-release supervision does not exceed the maximum sentence authorized to be imposed for the felony committed. In Elliott’s case, the maximum sentence authorized by law is twenty years. See Miss Code Ann. § 97-3-7(2) (Supp.2001). The circuit court also reviewed Elliott’s sworn guilty plea petition and the transcript of Elliott’s guilty plea colloquy and found that Elliott was fully informed that he would face a five-year period of post-release supervision in addition to his term of incarceration. Our review of the record leads us to the same conclusion. In his sworn guilty plea petition, Elliott acknowledged in his own handwriting that the district attorney’s sentence recommendation would be seven years of incarceration and five years of post-release supervision. We cannot find that the circuit court erred in denying Elliott’s petition for post-conviction relief. Accordingly, this issue is without merit.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR.

. Additionally, Elliott claims in his brief that section 47-7-34 of the Mississippi Code, *611 which authorizes the imposition of post-release supervision, is unconstitutionally vague. As Elliott failed to raise this issue in his motion for post-conviction relief, the issue is waived. See Eaton v. State, 817 So.2d 630, 631-32 (¶¶ 5-6) (Miss.Ct.App.2002).