# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-00231-COA

**ROBERT MAURICE HARRIS, JR. A/K/A ROBERT HARRIS, JR. A/K/A ROBERT MAURICE HARRIS A/K/A ROBERT HARRIS**    APPELLANT

v.

**STATE OF MISSISSIPPI**    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/16/2024 |
| TRIAL JUDGE: | HON. M. JAMES CHANEY JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TAMARRA AKIEA BOWIE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/29/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., McDONALD AND WEDDLE, JJ.**

**WEDDLE, J., FOR THE COURT:**

¶1.    Robert Harris appeals from the Warren County Circuit Court's order denying his motion for post-conviction collateral relief (PCR). On appeal, Harris asserts that he received ineffective assistance of counsel, and that he was denied the right to counsel due to his attorney's alleged conflict of interest with a potential State's witness. Upon review, we find no error and affirm the circuit court's order denying relief.

## FACTS

¶2.    A Warren County grand jury indicted Harris for one count of first-degree murder. On November 14, 2019, Harris entered an open plea to the lesser-included offense of second-

degree murder. Before accepting Harris's guilty plea, the circuit court asked the State to explain the charges pending against him, advise the court about what the evidence would show if the matter went to trial, and provide the possible minimum and maximum sentences. Harris acknowledged under oath that he understood the charges pending against him, that he did commit the crime the State described, and that he understood the court could impose the maximum sentence allowed by law. Harris further acknowledged under oath that he understood the rights he waived if he entered a guilty plea.

¶3.     At the sentencing hearing on December 6, 2019, Harris was sentenced to forty years in the custody of the Mississippi Department of Corrections, with fifteen years suspended and twenty-five years to serve, and five years of post-release supervision. On December 5, 2022, Harris filed a PCR motion alleging that he received ineffective assistance of counsel and that his guilty plea was involuntary because he was given erroneous advice about his sentence. In support of his motion, Harris submitted his own affidavit as well as affidavits from his uncle, Clyde Harris, and his mother, Dora James.

¶4.     On February 16, 2024, the circuit court conducted an evidentiary hearing on Harris's PCR motion. During the hearing, Harris testified that his trial attorney, Toney Baldwin, informed him that if he "took an open plea," he would receive twenty-five years in custody and would only have to serve half of that time. Harris also testified that because Baldwin had also represented a potential State's witness, there was a conflict of interest. In addition to Harris's testimony, the circuit court heard testimony from Clyde Harris, Dora James, and Baldwin. Following the hearing, the circuit court entered an order denying Harris's PCR

motion, finding insufficient evidence to grant PCR. Aggrieved by the circuit court's denial of his motion, Harris appeals.

## STANDARD OF REVIEW

¶5.     "When reviewing a circuit court's denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Tanner v. State*, 332 So. 3d 382, 385 (¶8) (Miss. Ct. App. 2022) (quoting *Hays v. State*, 321 So. 3d 1208, 1211 (¶4) (Miss. Ct. App. 2021)).

## DISCUSSION

¶6.     In Harris's first assignment of error, he alleged that he received ineffective assistance of counsel because Baldwin also represented Kiante Baker, who was on the witness list to testify against him. Harris's claim of a conflict of interest was not raised in his December 5, 2022 PCR motion and, therefore, is not properly before this Court. This Court has held that "[i]ssues not raised in [a] motion for post-conviction relief are procedurally barred on appeal." *Bland v. State*, 312 So. 3d 417, 419 (¶11) (Miss Ct. App. 2021) (quoting *Smith v. State*, 973 So. 2d 1003, 1006 (¶6) (Miss. Ct. App. 2007)). Because Harris raised this claim for the first time during the evidentiary hearing and not in his PCR motion, Harris waived this argument.

¶7.     Nonetheless, we find this claim lacks merit. "Conflict-of-interest claims involving attorneys in criminal cases are a species of ineffective assistance of counsel under the Sixth Amendment. Our [S]upreme [C]ourt has stated that to demonstrate a violation of his Sixth

3

Amendment Rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance. Further, . . . [a]n 'actual conflict' means that 'a potential for conflict or hypothetical or speculative conflicts will not suffice for reversal.'" *Beasley v. State*, 355 So. 3d 245, 250-51 (¶15) (Miss. Ct. App. 2022) (citations omitted). An actual conflict exists "when defense counsel is compelled to compromise his or her duty of loyalty or zealous advocacy to the accused by choosing between or blending the divergent or competing interests of a former or current client." *Galloway v. State*, 298 So. 3d 966, 975-76 (¶48) (Miss. 2020). And "[i]t must be demonstrated that the attorney made a choice between possible alternative courses of action. . . . If [counsel] did not make such a choice, the conflict remained hypothetical." *Id.* (citing *United States v. Garcia-Jasso*, 472 F.3d 239, 243 (5th Cir. 2006)).

¶8.     The circuit court heard testimony from Harris and Baldwin during the evidentiary hearing regarding the potential conflict of interest. Harris testified that once he was incarcerated, he learned that Baldwin was representing a potential State witness while representing Harris. During Baldwin's testimony, he stated that he did represent the witness in an unrelated murder trial. He went on to add that he knew the witness was not going to testify on behalf of the State at Harris's trial. However, even if the witness had testified, our Court and the Supreme Court have not disturbed convictions where defense counsel had previously represented a witness for the State. *McCaleb v. State*, 743 So. 2d 409, 412 (¶15) (Miss. Ct. App. 1999) (citing *Perry v. State*, 682 So. 2d 1027, 1029 (Miss. 1996)); *Davis v. State*, 897 So. 2d 960, 970 (¶31) (Miss. 2004); *see also Simmons v. State*, 805 So. 2d 452,

480 (¶53) (Miss. 2001) (holding "there is no evidence in the record to suggest that defense counsel acted in some manner other than capabl[y]"). When Baldwin was asked if he was representing Harris and the State's witness at the same time, Baldwin responded, "Without seeing the records, I don't have the exact dates." Nonetheless, an actual conflict only existed if Baldwin owed a duty to a party whose interests were adverse to those of Harris. *See Magee v. State*, 349 So. 3d 734, 744 (¶20) (Miss. Ct. App. 2022). Harris has failed to demonstrate that an actual conflict of interest existed that adversely affected his lawyer's performance; therefore, we find this issue is without merit.

¶9.    In Harris's next assignment of error, he argues that he received ineffective assistance of counsel, rendering his guilty plea involuntary, because he was given erroneous advice about his sentence. To prove ineffective assistance of counsel, Harris must show that "(1) counsel's performance was deficient; and (2) prejudice resulted." *Kennedy v. State*, 287 So. 3d 258, 265 (¶21) (Miss. Ct. App. 2019) (citing *Hughes v. State*, 106 So. 3d 836, 840 (¶12) (Miss. Ct. App. 2012)). "In the context of a guilty plea, one must show counsel's errors proximately resulted in the guilty plea, and, but for counsel's error, the defendant would not have entered the guilty plea." *Id*. (citing *Moore v. State*, 248 So. 3d 845, 850 (¶14) (Miss. Ct. App. 2017)). During the evidentiary hearing, Harris testified that he would not have entered into an open plea had he known that he would not be eligible for early release or parole. In support of his claim, Harris submitted his own affidavit and affidavits from Clyde Harris and Dora James. They asserted in those affidavits that Baldwin continuously advised Harris to accept the plea deal or risk serving life in prison if he went to trial. The affidavits maintained

5

that Baldwin informed them he knew the judge would only sentence Harris to twenty-five years, and Harris would only have to serve half that time for second-degree murder. Conversely, the State submitted Baldwin's affidavit stating that he advised Harris on the possibility of entering an open plea considering the facts of the case. Baldwin asserted that he informed Harris of the minimum and maximum sentences, and Baldwin clarified that sentencing was solely up to the discretion of the judge.

¶10. Furthermore, during the plea colloquy, the circuit court judge specifically asked Harris, "Anybody told you this Court is going to be any easier or lighter on you if you pled guilty?" Harris responded, "No, sir." The circuit judge additionally asked, "Anybody make promises to you about early release from probation or parole?" to which Harris answered, "No, sir." This Court has held that "solemn declarations in open court carry a strong presumption of verity." *Moore v. State*, 398 So. 3d 292, 296 (¶9) (Miss. Ct. App. 2024) (citing *Reardon v. State*, 341 So. 3d 1004, 1009 (¶14) (Miss. Ct. App. 2022)). Thus, we find no error in the circuit court's ruling that there was insufficient evidence to grant Harris's motion.

## CONCLUSION

¶11. Finding no error in the Warren County Circuit Court's denial of Harris's PCR motion, we affirm.

¶12. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER AND ST. PÉ, JJ., CONCUR.**