800 So.2d 1221 (2001)
Thomas C. ETHRIDGE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-CP-00980-COA.
Court of Appeals of Mississippi.
November 20, 2001.
*1222 Thomas C. Ethridge, Appellant pro se.
Office of the Attorney General by Billy L. Gore, for Appellee.
Before McMILLIN, C.J., BRIDGES, and CHANDLER, JJ.
BRIDGES, J., for the Court:

PROCEDURAL HISTORY AND FACTS
¶ 1. This appeal arises from the dismissal in the Circuit Court of the First Judicial District of Harrison County, Mississippi, of Thomas C. Ethridge's motion for out-of-time post-conviction relief. On October 13, 1995, Ethridge entered guilty pleas to three counts of the crime of transfer of a controlled substance (LSD). Sentencing on the crimes was deferred until such time *1223 as a pre-sentence report was completed by the Mississippi Department of Corrections.
¶ 2. On January 8, 1996, Ethridge was sentenced to two seven-year terms in prison to run concurrently with one another, plus a $5,000 fine. On March 25, 1996, in response to a motion filed by Ethridge for reconsideration of his sentence, Judge John H. Whitfield re-sentenced Ethridge to two thirty-year terms to run consecutively with one another, for a total of sixty years, plus two $30,000 fines. The judge then ordered that the entire sentence be suspended and that Ethridge be placed in the electronic monitoring/house arrest program for three years with further instructions that if Ethridge violated this house arrest program, the suspension of his prison time would be revoked and Ethridge would begin serving his time in prison.
¶ 3. On July 19, 1996, Judge Whitfield conducted a hearing on Ethridge's motion requesting that the court retain jurisdiction of this case for the purpose of future reconsideration of his sentence. Judge Whitfield granted the motion and ordered that the court would retain jurisdiction from term to term for that purpose. On May 28, 1997, Ethridge filed another motion requesting that the court reconsider his sentence. Ethridge's sentence was not changed; however, the court did order that Ethridge be enrolled in the drug and alcohol program at Parchman.
¶ 4. Ethridge was later called before the judge to be heard on alleged violations of the terms of his house arrest. On November 21, 1997, after reconsidering Ethridge's sentence yet again, Judge Whitfield sentenced Ethridge to two thirty-year terms with eighteen years suspended on each, one to run consecutively with the other, leaving Ethridge with a total of twenty-four years prison time and $60,000 in fines, plus court costs. On April 3, 1998, Ethridge was heard on another motion for reconsideration of his sentence, but the motion was denied, leaving his sentence of twenty-four years to serve intact.
¶ 5. On May 3, 2000, Ethridge filed his motion for out-of-time post-conviction relief attacking on the grounds of unlawful sentencing. Judge Whitfield denied Ethridge's motion without an evidentiary hearing. Ethridge then filed a timely notice of appeal asking this Court to reinstate his original sentence of two seven-year terms to be served concurrently and his original fine of $5,000. Ethridge further asks that this Court order his immediate release from custody because his original sentence contained parole eligibility, allowing him to be released for good behavior as early as April 25, 1999.

LEGAL ANALYSIS
¶ 6. The State's entire argument in this case is based on the charge that Ethridge's motion for post-conviction relief is time-barred. The State does not answer any of the particular issues that Ethridge cites on appeal, ignoring the fact that Ethridge could have a suitable route in which to circumvent the three-year statute of limitations set out for post-conviction relief petitioners under Miss.Code Ann. § 99-39-5(2) (Rev.2000). The State has based its assertions on matters that are not even disputed by Ethridge. Its brief cites authority which does not answer the questions raised by Ethridge. As such, it will be up to this Court, without the benefit of an accurate rebuttal by the State, to investigate whether Ethridge's claims are meritorious.
¶ 7. There are certain exceptions carved out to procedural bars where there is a question that a party's fundamental rights have been violated. Sneed v. State, 722 So.2d 1255, 1257(¶ 7)(Miss.1998). "The *1224 right to be free from an illegal sentence has been found to be fundamental." Id. In Ivy v. State, 731 So.2d 601, 603(¶ 13)(Miss.1999), the Mississippi Supreme Court reiterated its former ruling that "errors affecting the fundamental constitutional rights, such as the right to a legal sentence, may be excepted from procedural bars which would otherwise prevent their consideration." Ivy, 731 So.2d at 603(¶ 13) (citing Luckett v. State, 582 So.2d 428, 430 (Miss.1991)). See also Smith v. State, 477 So.2d 191, 195-96 (Miss.1985).
¶ 8. In Ivy, the court recognized that the lower court wrongfully dismissed Ivy's petition for post-conviction relief because the lower court overlooked the fact that, due to the allegation of an illegal sentence, the petition was not subject to the time-bar. Ivy, 731 So.2d at 603(¶ 14). Additionally, in Stevenson v. State, the Mississippi Supreme Court held that "even though an imposed sentence is otherwise barred, an unenforceable sentence is nevertheless plain error and capable of being addressed." Stevenson v. State, 674 So.2d 501, 505 (Miss.1996). See Grubb v. State, 584 So.2d 786, 789 (Miss.1991); Luckett, 582 So.2d at 430; Smith, 477 So.2d at 195-96.
¶ 9. According to the above cited case law, the lower court should have heard Ethridge on his motion for relief, which consisted of his claim that he was illegally re-sentenced, regardless of the time-bar in this case. Instead, Ethridge's petition was summarily dismissed without further comment. The trial judge even initially denied Ethridge the right to proceed with his petition for out-of-time post-conviction relief in forma pauperis. However, the Mississippi Supreme Court issued an order in this matter instructing the lower court to allow Ethridge to proceed in forma pauperis, citing in its order that Ethridge's claims have substance and should be reviewed. Because they were not properly addressed by the lower court, the issues will be properly addressed by this Court.
¶ 10. We find that Ethridge's assertions that he was wrongfully punished the second time around do have merit. In Leonard v. State, 271 So.2d 445, 447 (Miss. 1973), the court held that "once a circuit or county court exercises its option to impose a definite sentence, it cannot subsequently set that sentence aside and impose a greater sentence." Leonard, 271 So.2d at 447. We are aware that the facts of Leonard, as well as the facts of many other cases dealing with this subject that have been reviewed by the Mississippi Supreme Court and this Court, revolve, for the most part, around defendants who are re-sentenced because they have broken the rules of their probation or suspended sentence. See id.; Johnson v. State, 753 So.2d 449(¶ 15) (Miss.Ct.App.1999); Wallace v. State, 607 So.2d 1184, 1187 (Miss.1992). However, while the facts in the instant case do not deal with these particular re-sentencing matters, we are convinced that the concept is the same and that the results should accordingly be the same.
¶ 11. Opinions in cases such as the ones above, discussing re-sentencing in matters concerning revocation of probations or suspended sentences, speak to the re-sentencing of a defendant to a greater punishment than he originally received as a double jeopardy issue. Id. For example, in Johnson, this Court held that "if a guilty plea has been accepted and a suspended sentence has been imposed, the court cannot later impose a period of incarceration exceeding the original suspended sentence.... To do so would expose the defendant to double jeopardy." Johnson, 753 So.2d at (¶ 15). See also Wallace, 607 So.2d at 1187. And, in the previously mentioned case of Leonard, the theory was *1225 the same in cases where a defendant violated the terms of his probation. Leonard, 271 So.2d at 447. The court in Leonard ruled that a trial judge may sentence a defendant to a definite incarceration period and then suspend that sentence, instead ordering probation for the defendant. Id. If the defendant then violates the terms of that probation, the law again provides that the subsequent sentence may not be greater than the original. Id.
¶ 12. Further, even a reviewing court, such as this Court, does not have the authority to simply review a case and make an arbitrary decision to amend the original sentence in any way. Harrigill v. State, 403 So.2d 867, 869 (Miss.1981). "Any attempt to do so is a nullity." Id. We find that if double jeopardy attaches in all of these cases, it must attach in the case at bar.
¶ 13. We have also looked to federal court decisions which support our ruling here, with certain limitations. In United States v. Benz, the United States Supreme Court held:
The general rule is that judgments, decrees and orders are within the control of the court during the term at which they were made. They are then deemed to be "in the breast of the court" making them, and subject to be amended, modified, or vacated by that court. The rule is not confined to civil cases, but applies in criminal cases as well, provided the punishment not be augmented.

* * *
As a general practice, the sentence, when imposed by a court of record, is within the power of the court during the session in which it is entered and may be amended at any time during such session, provided a punishment already partly suffered be not increased ... to increase the penalty is to subject the defendant to double punishment for the same offense in violation of the Fifth Amendment to the Constitution, which provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V.
United States v. Benz, 282 U.S. 304, 307-09, 51 S.Ct. 113, 75 L.Ed. 354 (1931) (citations omitted) (emphasis added). This idea that a sentence cannot be increased for a defendant once he has already begun to serve his time, as in our case at bar, was recognized as an established practice in the more recent case of United States v. DiFrancesco, 449 U.S. 117, 134, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). See United States v. Lopez, 26 F.3d 512, 514 (5th Cir.1994) (ruling that a sentencing judge could recall a defendant and increase the original sentence if and only if he has not yet begun to serve his originally sentenced time).
¶ 14. In the case at bar, Ethridge began serving his two seven-year concurrent sentences months before the judge re-sentenced him to sixty years, suspended for three years of house arrest. The State defends it was Ethridge's attorney who filed the motion for reconsideration of his sentence in the first place. We find that, simply because Ethridge took the initiative, this does not make the second sentence, adding fifty-three years to his original sentence, any less subject to double jeopardy.
¶ 15. This Court has not been provided with any transcripts for any of the numerous hearings in this case at the trial court level, including the hearing in which Judge Whitfield made this drastic alteration to Ethridge's original sentence. As such, we do not have any knowledge of the basis for such a decision. Whatever the reason, we find no exceptions to the above rules provided by our Mississippi Supreme Court or *1226 our United States Supreme Court that would allow the trial judge to make such an arbitrary decision.
¶ 16. In the federal code and federal court system, there are rules pertaining to this very subject of re-sentencing. See 18 U.S.C. § 3582(b). Those rules provide that a district court may only modify a sentence that has already been imposed on a defendant in very limited circumstances. 18 U.S.C. § 3582(b); Fed.R.Crim.P. 35(c). See United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir.1997). Usually, in those cases where a district court is allowed to make such an amendment to a defendant's sentence, there must have been an "arithmetical, technical, or other clear error identified in a previously imposed sentence." 18 U.S.C. § 3582(b). Even if this occurs, the district court must re-sentence the defendant within seven days of the originally imposed sentence. 18 U.S.C. § 3582(b); Fed.R.Crim.P. 35(c). If the federal system holds up such a high standard, then we are of the opinion that our local and state court should be held to a standard much the same in the interest of the rights of prisoners who may have been wrongfully sentenced.
¶ 17. For the foregoing reasons, we are convinced that re-sentencing a defendant to a greater sentence than the original sentence imposed allows the doctrine of double jeopardy to come into play. We find that this is so, even where a defendant willingly initiates a hearing on the matter by filing a motion to have his original sentence reconsidered. We are convinced that, as with cases where there is a revocation of a suspended sentence or a revocation of probation, courts reconsidering sentences on the request of the defendant, such as the case at bar, should adhere to the rule that an original sentence may be reinstated, but may not be increased to the risk of the defendant.
¶ 18. Accordingly, we reverse the lower court's decision to deny out-of-time post-conviction relief to Ethridge and reinstate his original two seven-year terms in prison, to be served concurrently, and the original fine of $5,000 that was imposed on Ethridge on January 8, 1996. We further hold that this case should be remanded to the lower court only for the purpose of conducting a prompt hearing on whether Ethridge is entitled to immediate release for good behavior since, under his original sentence of seven years, this early release could have been available to him as early as April 1999.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HARRISON COUNTY DENYING THE APPELLANT'S MOTION FOR OUT OF TIME POST CONVICTION RELIEF IS HEREBY REVERSED AND REMANDED FOR THE LIMITED PURPOSE OF ADDRESSING ONLY WHETHER THE APPELLANT IS SUBJECT TO IMMEDIATE RELEASE FROM THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING P.J., THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.
McMILLIN, C.J. and SOUTHWICK, P.J., concur in result only.