GRIFFIS, J.,
for the Court.
¶ 1. In January of 1996, Robert Lambert was indicted for the crimes of burglary and sexual battery. Lambert was found guilty. On the burglary charge, Lambert was sentenced to serve eight years, with five years suspended. On the sexual battery charge, Lambert was sentenced to serve eight years, with six years suspended. The sentences were to run concurrently.
¶ 2. On January 27, 2003, a hearing was held on the motion to revoke Lambert’s post-release supervision. At the hearing, Jeanie Blalock, Lambert’s girlfriend, testified that Lambert slammed her head into a plastic mailbox. Lambert admitted to being under the influence of alcohol and admitted to the domestic violence. As a result, the trial court found that Lambert had violated the terms and conditions of *1152 his post-release supervision and revised his sentence. As an additional condition of his post-release supervision, Lambert was ordered to be placed in a house arrest program and ordered to complete a drug and alcohol treatment program as well as an anger management program.
¶ 3. A few hours after the ruling, at the district attorney’s request, the trial judge reopened the case due to the fact that Ms. Blalock was intimidated by the number of people in the courtroom. Ms. Blalock again testified about the domestic violence, but this time in much greater detail. Ms. Blalock testified that in addition to slamming her head against the plastic mailbox, Lambert grabbed her by her hair, tore off her clothes, sprayed her in the face with a fire extinguisher, and dragged her by her feet aci’oss the yard. Additionally, Ms. Blalock stated that Lambert cut the phone line to the house where she had fled for safety. Following Ms. Blalock’s testimony, Lambert was given an opportunity to cross-examine, to respond to the charges, and to call any witnesses. Lambert declined to do so. The trial court then found that Lambert had violated the terms and conditions of his post-release supervision and ordered that three years of his suspended sentence be revoked.
¶ 4. In September of 2003, Lambert filed his motion for post-conviction relief. The trial court denied the motion. On appeal, Lambert claims a violation of due process and double jeopardy.
STANDARD OF REVIEW
¶ 5. In reviewing a trial court’s decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1160 (¶ 3) (Miss.Ct. App.2002).
ANALYSIS
1. Violation of Due Process
¶ 6. Lambert contends that his due process rights were violated when the trial court allowed his case to be reopened. Lambert asserts that the trial court relied on false evidence provided by Ms. Blalock and the district attorney. However, there is no indication from the record that any evidence presented was false. The transcript reveals that the trial judge specifically asked Ms. Blalock if her testimony was true, and Ms. Blalock responded that it was. Furthermore, Lambert had a hearing, an opportunity for cross-examination, and an opportunity to testify. Lambert did not object to the reopening of the case or to the truthfulness of the testimony.
¶ 7. The minimum requirements of due process, applicable in a revocation hearing, include written notice of the claimed violations of probation, disclosure to the probationer of evidence against him, an opportunity to be heard and to present witnesses and evidence, the right to confront and cross-examine adverse witnesses, a neutral and detached hearing body, and a written statement by the factfinders as to the evidence relied on and the reasons for revoking probation. Riely v. State, 562 So.2d 1206, 1210 (Miss.1990). Here, the trial judge complied with these requirements. Therefore, Lambert’s due process rights were not violated. Thus, we find no error.
¶ 8. Lambert further contends that the trial court enhanced his sentence. In support of his argument, Lambert relies on Leonard v. State, 271 So.2d 445, 447 (Miss.1973), which held that “once a circuit or county court exercises its option to impose a definite- sentence it cannot subsequently set that sentence aside and impose *1153 a greater sentence.” Lambert also cites Ethridge v. State, 800 So.2d 1221, 1224(¶ 17) (Miss.Ct.App.2001), which held that the sentence for one who violates the terms of his probation cannot exceed his original suspended sentence. Lambert’s reliance on Leonard and Ethridge are misplaced. In both Leonard and Ethridge, the defendants were re-sentenced to far greater sentences. In Leonard, the defendant was originally sentenced to serve four years in prison but was re-sentenced to serve twenty. Leonard, 271 So.2d at 446. In Ethridge, the defendant was originally sentenced to serve seven years but was re-sentenced to serve sixty. Ethridge, 800 So.2d at 1225 (¶¶ 2-4).
¶ 9. Lambert, on the other hand, did not receive an enhanced sentenced. After the first hearing, the trial court revised Lambert’s original sentence and added house arrest, drug and alcohol treatment, and anger management to the requirements of his post-release supervision. It was not until the second hearing when the case was reopened and the trial court heard additional testimony that the trial court actually sentenced Lambert and ordered that three years of his suspension be revoked. By revoking three years of Lambert’s suspension, the trial court simply reinstated a portion of his original sentence. As a result, Lambert did not receive an enhanced sentence. Therefore, we find this issue lacks merit.
2. Double Jeopardy
¶ 10. Lambert argues that he was sentenced twice for the same offense and was therefore subject to double jeopardy in violation of the Fifth Amendment to the Constitution. The Fifth Amendment to the Constitution provides that no person shall “be subject for the same offense to be twice put in jeopardy of life or limb.” U.S. Const, amend. V. In support of his argument, Lambert relies on Ethridge, 800 So.2d at 1226(¶ 17)(Miss.Ct.App.2001), which said that “re-sentencing a defendant to a greater sentence than the original sentence imposed allows the doctrine of double jeopardy to come into play.” As discussed above, Lambert did not receive a greater sentence than the one originally imposed.
¶ 11. Furthermore, the trial judge may amend a sentence provided that a punishment already partly suffered not be increased. Id. at 1225(¶ 17). After the first hearing, the trial judge merely modified the terms of the post-release supervision by adding the additional requirements of house arrest, drug and alcohol treatment, and anger management. After the case was reopened and additional testimony was heard, the trial court revoked three years of Lambert’s suspension. The record does not reflect that Lambert was given two sentences for committing one offense. Rather, the result of the first hearing was the supplementation of the terms of post-release supervision. Therefore, the initial modification of Lambert’s post-release supervision did not constitute a separate sentence for purposes of double jeopardy. Thus, we find no error.
¶ 12. THE JUDGMENT OF THE LINCOLN COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.