921 So.2d 1284 (2006)
William Daniel ALES, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-01734-COA.
Court of Appeals of Mississippi.
February 21, 2006.
William C. Stennett, attorney for appellant.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before LEE, P.J., IRVING and ISHEE, JJ.
IRVING, J., for the Court.
¶ 1. William Ales pleaded guilty to sale of marijuana, and was initially sentenced to twenty years in the custody of the Mississippi *1285 Department of Corrections, with twelve years of the sentence to be suspended. After testing positive for marijuana, Ales was re-sentenced to twenty years, with only four years suspended. Ales contends that this re-sentencing was error, and appeals.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On July 19, 2004, Ales pleaded guilty to sale of marijuana. The court accepted his guilty plea, but deferred sentencing until July 22, 2004.
¶ 4. On July 20, 2004, before the sentencing hearing, Ales took a drug test at the Pontotoc County Jail. At the sentencing hearing on July 22, the State and court were told that the results of the test were negative. At that time, Ales was sentenced to serve eight years of a twenty year sentence, with five years of post-release supervision. Ales was also ordered to pay court costs, a fine, and restitution. Before sentencing Ales, the court heard testimony from numerous individuals who testified that Ales was a changed man who had turned his life around and, therefore, deserved leniency.
¶ 5. It became apparent after the hearing that the results of the test were actually positive for the presence of marijuana. As a result, on the last day of the same term, the court held a re-sentencing hearing. At the re-sentencing hearing, the probation officer who received the results of the test testified that it was the policy of her office to assume a negative result if no results were received from the lab. Since she had not received anything from the lab before Ales's sentencing, the officer assumed that the results of Ales's drug test were negative. In reality, a mechanical problem with the lab's fax machine delayed the sending of the results fax until the next week, after the court had already sentenced Ales.
¶ 6. After hearing testimony that Ales had tested positive for use of marijuana, the court amended its previous sentencing order, and instead sentenced Ales to serve sixteen years of his twenty year sentence. The post-release supervision period was accordingly reduced from five to four years.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 7. Ales's sole issue on appeal is the legality of his re-sentencing. Ales contends that the re-sentencing was illegal on double jeopardy, due process, and cruel and unusual punishment grounds.
¶ 8. As support for his argument, Ales cites Ethridge v. State, 800 So.2d 1221, 1224-25 (¶¶ 10-11) (Miss.Ct.App.2001), where we held that a re-sentencing order constituted double jeopardy. In Ethridge, the defendant was originally sentenced to two seven-year sentences, but was sentenced to two thirty-year sentences during re-sentencing. However, Ethridge is factually distinguished from Ales's case. In Ethridge, the court imposed a sentence far greater than the original. In the present case, the court merely altered the number of years that were suspended from Ales's time to serve; the original twenty-year sentence remains wholly intact. We have already acknowledged this distinction in a post-Ethridge case, Lambert v. State, 904 So.2d 1150, 1152-53 (¶¶ 8-9) (Miss.Ct.App. 2004) (citations omitted), where we stated: "In both Leonard[ v.State, 271 So.2d 445 (Miss.1973)] and Ethridge, the defendants were re-sentenced to far greater sentences.... Lambert, on the other hand, did not receive an enhanced sentence.... By revoking three years of Lambert's suspension, the trial court simply reinstated a portion of his original sentence.... Therefore, we find this issue lacks merit."
*1286 ¶ 9. In Leverette v. State, 812 So.2d 241, 244(¶ 11) (Miss.Ct.App.2002) (quoting Mississippi Comm'n on Judicial Performance v. Russell, 691 So.2d 929, 944 (Miss. 1997)), we stated that "the Supreme Court suggested that a circuit court has `inherent authority' to alter a sentence until a regular term of court expires." Therefore, the amendment of Ales's sentence was within the jurisdiction of the circuit court. Ethridge provides no relief for Ales; the re-sentencing was within the jurisdiction of the court, since it was done before the expiration of the same term of the court.
¶ 10. Ales also argues that there was insufficient testimony before the court to authenticate the results of Ales's drug test. Ales argues that this is so because the law enforcement officers who testified "did not take the sample, did not see the samples taken, and therefore the chain of custody was not established." Although the State chose to ignore this argument in its brief, we briefly address it here.
¶ 11. In order to prove a chain of custody error, Ales must prove that there was "tampering or substitution of evidence." Wells v. State, 604 So.2d 271, 277 (Miss.1992) (citations omitted). There is no need for the State "to produce every person who handled the object, nor to account for every moment of every day." Butler v. State, 592 So.2d 983, 985 (Miss. 1991). The burden is on the defendant to prove that substitution or tampering took place. Williams v. State, 794 So.2d 181, 185(¶ 10) (Miss.2001) (citing Hemphill v. State, 566 So.2d 207, 208 (Miss.1990)). When reviewing the decision of a trial court to admit certain evidence, we will reverse only if the court abused its discretion in admitting the evidence. Id. at 185(¶ 12).
¶ 12. In the present case, we cannot say that Ales has proved that there was tampering or substitution that interrupted the chain of custody of the drug report. Ales has presented no evidence to overcome the discretion that is granted to the trial court when deciding whether or not a certain piece of evidence has been authenticated properly. Both the officer who received the results of the test and the technician who ran the test testified at the re-sentencing. The court questioned the lab technician as to whether it was possible that someone could have tampered with the results of the test between the time of testing and the time the results were sent out. The technician responded that such tampering was impossible because both her office and computer were locked down. In short, there was enough evidence presented for the court to find that the chain of custody had been properly maintained, and the court did not abuse its discretion in so finding. Therefore, the test showing that Ales tested positively for the presence of marijuana was admissible to the court when determining whether to re-sentence Ales.
¶ 13. In this case, the court re-sentenced Ales because new evidence had come to light indicating that Ales was not the model citizen that had been portrayed at his sentencing.[1] His continued violation of the law prompted the court to reduce the amount of Ales's sentence that was suspended. Furthermore, the amendment to Ales's sentence was within the jurisdiction *1287 of the circuit court, as its term had not yet ended. Ales has failed to present evidence that any aspect of the court's re-sentencing was improper.[2] Therefore, Ales's argument is rejected.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF PONTOTOC COUNTY, OF CONVICTION OF THE SALE OF A CONTROLLED SUBSTANCE AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FOUR YEARS SUSPENDED AND FOUR YEARS TO SERVE ON POST-RELEASE SUPERVISION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] The record contains numerous letters written to the court below on behalf of Ales, including a letter written by the mayor of Sherman, Mississippi. All the letters emphasized what a family man Ales was, and how he had turned his life around and was sharing his story to help others. During the initial sentencing hearing, the judge stated that "based on the uncontradicted testimony that this is a changed man. I don't think there is any question ... that he has made a substantial recovery in his life in the last several months."
[2] Although Ales claims in his brief that he is asserting that his re-sentencing was in error for double jeopardy, due process, and cruel and unusual punishment concerns, he argues only that his sentence was illegal for double jeopardy violations. Without more argument or evidence as to why the re-sentencing constituted a cruel and unusual punishment or a violation of Ales's due process rights, we find no merit in either of those claims.