BARNES, J.,
for the Court.
¶ 1. Joseph L. Branch appeals the Warren County Cii’cuit Court’s dismissal of his motion for post-conviction relief. Finding error, we reverse and remand for entry of a revised sentencing order in accordance with this opinion.
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. Branch pleaded guilty to the sale of cocaine and was sentenced to six years’ imprisonment, with four years to be served in the custody of the Mississippi Department of Corrections (MDOC) and two years suspended. He was also sentenced to five years of post-release supervision. After serving four years, Branch was released; however, his suspended sentence was later revoked by way of an agreed order dated October 6, 2006, between Branch and the State,' and Branch was sentenced to six years in the custody of the MDOC, “with credit given for time served.”
¶ 3. Branch subsequently filed a motion for post-conviction relief in the Warren County Circuit Court alleging that the term of imprisonment imposed in the agreed order of revocation amounted to a second punishment for the same offense because he had already served four years of his original sentence. The circuit court summarily dismissed Branch’s motion for post-conviction relief. Aggrieved, Branch appeals, arguing that the circuit court erred in dismissing his motion for post-conviction relief without an evidentiary hearing.
STANDARD OF REVIEW
¶ 4. A trial court’s dismissal of a motion for post-conviction relief will be disturbed only where that court’s decision was clearly erroneous. Williams v. State, 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004). However, the appropriate standard for reviewing questions of law is de novo. Rice v. State, 910 So.2d 1163, 1164-65(¶ 4) (Miss.Ct.App.2005) (citing Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999)).
DISCUSSION
¶ 5. Branch contends that the circuit court erred in dismissing his motion for post-conviction relief without affording him an evidentiary hearing. Mississippi Code Annotated section 99-39-11(2) (Rev.2007) states that “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the *831 judge may make an order for its dismiss-alt.]” In revoking Branch’s sentence, the circuit court ordered Branch to serve “[s]ix (6) years in the Mississippi Department of Corrections, with credit given for time served.” Branch’s motion for post-conviction relief alleged that the circuit court’s sentencing him to six years following the revocation of his suspended sentence amounted to a second punishment for the same offense as he had already served four years of his original six-year sentence. However, the State argues that Branch is not entitled to relief, and that it was up to the MDOC to determine Branch’s time served. Therefore, if there were error in the computation of his sentence, he is only entitled to an administrative remedy.
¶ 6. Upon our review of the record, we find merit to Branch’s allegation that the circuit court erred in summarily dismissing his motion as it is clear that Branch is entitled to relief. Branch’s original sentence was for a total of six years. Two years of that sentence were suspended upon the requirement that Branch comply with the conditions of post-release supervision for five years. He effectively entered the custody of the MDOC to begin serving his four-year sentence on June 14, 2000. After serving a period of incarceration, he was released by the MDOC on May 27, 2003, on earned-release supervision, having received earned time or similar credit on his sentence. See Miss.Code Ann. § 47-5-138 (Rev.2004). Although Branch only spent 1,077 days in prison on his four-year sentence,[1] because of his earned-release time, he was released from prison as having fulfilled the four-year term of imprisonment set out in his initial sentence. In addition, although the MDOC time sheet in the record reflects only 1,077 days served, it also notes that Branch is to receive credit for July 14, 2000, through May 27, 2003. Branch also attached in his brief a copy of his discharge certificate from the MDOC dated May 27, 2003, which reflected that he had served his four-year sentence.[2]
¶ 7. When Branch’s sentence was subsequently revoked, the circuit court sentenced him to six years with credit for time served. The MDOC time sheet interpreted this revocation order and the six-year sentence the only way it could; that is, Branch was sentenced to six years’ imprisonment with 1,077 days, or almost three years, credit. Subsequent to the revocation of his suspended sentence, the effective date of Branch’s imprisonment began on September 25, 2006. Assuming that he served the entirety of the circuit court’s sentence, Branch would not be released until October 12, 2009 — a term of imprisonment in excess of three years.
¶ 8. Thus, we find that the sentence that the circuit court imposed when it revoked Branch’s suspended sentence violated his constitutional protections against double jeopardy. The circuit court was well within its discretion in revoking Branch’s suspended sentence. See Miss.Code Ann. § 47-7-37 (Rev.2004) (stating that upon violation of the conditions of probation or a suspended sentence “the court, in term-time or vacation, shall cause the probationer to be brought before it and may continue or revoke all or any part of the probation or the suspension of sentence, and may cause the sentence imposed to be executed or may impose any part of the *832 sentence which might have been imposed at the time of conviction.”) (emphasis added). Section 47-7-37 has been interpreted as follows:
We find pursuant to the foregoing Code sections that the normal course of procedure, when the court exercises its authority to suspend the execution of a portion of a defendant’s sentence, is as follows: (1) impose a sentence; (2) determine what portion is to be suspended; (3) impose a period of probation (up to five years); and, (4) specify the terms and conditions upon which the probation/suspended sentence is contingent. Then, any time during the period of probation (i.e., within five years from the end of the time served portion of the sentence), if upon hearing it is determined that the probationer violated any of the specified conditions of his probation, the court has the authority to revoke any part or all of the probation or any part or all of the suspended sentence, as if the decision to suspend the sentence and place the defendant on probation had never been made.
Artis v. State, 643 So.2d 533, 537 (Miss.1994). Therefore, the trial court’s error stemmed from the fact that it revoked Branch’s suspended sentence but sentenced Branch to more years of incarceration than it initially suspended, a practice that we have deemed a violation of a defendant’s protections against double jeopardy. Specifically, this Court has stated that “if a guilty plea has been accepted and a suspended sentence has been imposed, the court cannot later impose a period of incarceration exceeding the original suspended sentence .... To do so would expose the defendant to double jeopardy.” Ethridge v. State, 800 So.2d 1221, 1224(¶ 11) (Miss.Ct.App.2001) (quoting Johnson v. State 753 So.2d 449, 455(¶ 15) (Miss. Ct.App.1999)) (emphasis added). As is evident from the record, the trial court suspended two years of Branch’s original sentence. However, the practical effect of the trial court’s revocation sentence was an additional three-year term of imprisonment even with credit for time served. Therefore, the sentence is patently illegal, and the circuit court’s order unconstitutionally subjects Branch to a period of incarceration exceeding his original sentence.
¶ 9. Accordingly, we find that the circuit court erred in its dismissal of Branch’s motion for post-conviction relief. It follows that this Court must reverse the trial court’s dismissal of Branch’s motion for post-conviction relief and remand this case for re-sentencing Branch to no more than two years, the same being the maximum sentence subject to revocation for Branch’s failure to obey the conditions of his post-release supervision.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR. IRVING AND CARLTON, JJ., CONCUR IN RESULT ONLY. CHANDLER, J., NOT PARTICIPATING.

. Branch was released December 17, 2002, on earned-release supervision.

. Branch’s discharge certificate was included with his brief but not included as part of the record to the circuit court. As the discharge certificate merely confirms Branch's assertions in his motion for post-conviction relief, we take judicial notice of the information contained therein.