GRIFFIS, J,
 

 for the Court.
 

 ¶ 1. William Henry White appeals the circuit court’s denial of his motion for post-conviction collateral relief. He claims that: (1) the circuit court improperly re-sentenced him after his initial sentence had been imposed, thus, violating the prohibition against double jeopardy contained in the Fifth Amendment to the United States Constitution; (2) the circuit court failed to conduct a hearing before re-sentencing; and (3) he received ineffective assistance of counsel. We find that White’s first two issues are procedurally barred because they are raised for the first time on appeal. We find no merit in White’s third issue. Accordingly, the judgment of the circuit court is affirmed.
 

 FACTS
 

 ¶ 2. On October 19, 2004, White entered a guilty plea to burglary of a dwelling. He appeared before the circuit judge who conducted White’s plea colloquy. White was aided by his attorney throughout the proceeding. White was informed of the various constitutional rights that he was waiving by entering a guilty plea. White affirmatively answered that he understood his waiver of these rights. He admitted that he was guilty of the crime charged. The circuit judge accepted White’s guilty plea after finding that White’s plea was knowingly and voluntarily made and that there was a factual basis to support the charge. White was sentenced to ten years in the custody of the Mississippi Department of Corrections.
 

 
 *380
 
 ¶ 3. After his sentencing was completed, White took a seat in the courtroom while the circuit judge heard a subsequent plea by another defendant. White began to make comments in the background during the proceedings. The circuit judge cautioned White that he should keep quiet during the remainder of the proceedings. After White’s third outburst, the circuit judge gave White the following admonishment:
 

 THE COURT: Excuse me. Mr. White, if you open your mouth one more time, I’m going to resentence you. You can have the rest of your years.
 

 (Comments still being made by Defendant William Henry White).
 

 THE COURT: Do you understand me? [Did] you hear what I said? If you open up your mouth one more time, [if] you say anything else before we finish with these proceedings — now we’re going to send you back to the jail. But, I’m going to take you back in here, and since you don’t appreciate me giving you ten years, I’ll give you the twenty-five. And then I’ll have them to take you immediately out of here. Just let your mouth fly open.
 

 (Comments by Defendant William Henry White still being made).
 

 ¶ 4. White continued to make repeated comments about how he wanted to return to the jail. When the circuit judge again ordered White to be quiet, White responded: “It don’t matter, ten or twenty-five. It don’t matter, [sic]” White was later called back to the bench, and in the presence of his attorney, he was resentenced to the maximum sentence of twenty-five years.
 

 ¶ 5. On October 22, 2007, White filed his motion for post-conviction collateral relief. Such motion was summarily denied by the circuit court.
 

 STANDARD OF REVIEW
 

 ¶ 6. A trial court’s denial of post-conviction collateral relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous.
 
 Smith v. State,
 
 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court’s proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598(¶ 6) (Miss.1999).
 

 ANALYSIS
 

 ¶ 7. Before we reach the issues in this case, we must discuss two procedural bars raised by the State that we find inapplicable here. First, the State argues that White’s claims must fail because the record is incomplete. While it is true that White failed to include a copy of his motion for post-conviction collateral relief in the official record, he did attach a copy of that motion to his brief on appeal.
 

 ¶ 8. The State cites numerous cases for the proposition that this Court cannot venture outside of the record and base our decision on mere assertions made in the briefs. However, our review of the procedural history in this case is not based on White’s assertions in his brief. We review the copy of the motion, which is stamped filed in the circuit court, just as we would if it had been included in the official record. Further, the issues contained in the motion are fully supported by the official record in the form of the circuit court’s detailed order denying the motion. Keeping in mind that “pro se litigants are afforded some leniency,”
 
 see Sumrell v. State,
 
 972 So.2d 572, 574 (¶ 6) (Miss.2008), we find that this error does not bar White’s appeal.
 

 ¶ 9. Second, the State claims that White’s motion for post-conviction collateral relief is time-barred under Mississippi Code Annotated section 99-39-5(2) (Rev.
 
 *381
 
 2007) because it was filed three days after the three-year statute of limitations expired. However, the prison-mailbox rule states that “a pro se prisoner’s motion for post-conviction relief is delivered for filing under the [Mississippi Uniform Post-Conviction Collateral Relief Act] and the Mississippi Rules of Civil Procedure when the prisoner delivers the papers to prison authorities for mailing.”
 
 Sykes v. State,
 
 757 So.2d 997, 1000-01 (¶ 14) (Miss.2000). White’s motion was signed and notarized on October 18, 2007—one day prior to the expiration of the statute of limitations.
 

 ¶ 10. While the notary stamp alone is insufficient proof of when the motion was presented for mailing, we have previously held that it is the State’s burden to prove that the prisoner’s motion was not filed timely under the prison-mailbox rule.
 
 Gaston v. State,
 
 817 So.2d 613, 616 (¶ 6) (Miss.Ct.App.2002);
 
 see also Melton v. State,
 
 930 So.2d 452, 455 (¶ 8) (Miss.Ct.App.2006). Here, just as in
 
 Gaston,
 
 the State has provided no evidence of the date of mailing.
 
 Gaston,
 
 817 So.2d at 616 (¶ 6). Because the State has failed to prove that White did not present his motion to the prison for mailing on the same day that it was signed and notarized, we find that White’s motion was filed timely. Thus, we now address the merits of White’s claims on appeal.
 

 1. Whether the circuit court improperly resentenced him after his initial sentence had been imposed in violation of the prohibition against double jeopardy contained in the Fifth Amendment to the United States Constitution.
 

 ¶ 11. White claims that the circuit court’s re-sentencing amounted to double jeopardy because he was sentenced twice for the same crime. As the State argues, this issue is procedurally barred because it was not raised in White’s motion for post-conviction collateral relief, which was filed with the circuit court. White’s sole claims in that motion were: (1) his plea was involuntary because his counsel lied and told him he would receive only an eight-year sentence and (2) his counsel was ineffective. Accordingly, White is procedurally barred from raising this new issue for the first time on appeal.
 
 Bates v. State,
 
 914 So.2d 297, 299 (¶ 6) (Miss.Ct.App.2005) (citing Miss.Code Ann. § 99—39—21(1)(2) (Rev.2000)).
 

 ¶ 12. Notwithstanding the procedural bar, White’s claim is without merit. The circuit judge did not sentence White a second time for the same crime; instead, the circuit judge exercised her “ ‘inherent authority’ to alter a sentence until [the] regular term of court expires.”
 
 Leverette v. State,
 
 812 So.2d 241, 244 (¶ 11) (Miss.Ct.App.2002) (citing
 
 Miss. Comm’n on Judicial Performance v. Russell,
 
 691 So.2d 929, 944 (Miss.1997)).
 
 See also Ales v. State,
 
 921 So.2d 1284, 1286 (¶ 9) (Miss.Ct.App.2006) (holding that the amendment of a defendant’s sentence is within the circuit court’s jurisdiction if done before the expiration of the same term of court);
 
 Pegues v. State,
 
 840 So.2d 721, 726 (¶ 19) (Miss.Ct.App.2002) (defendant’s sentence altered after defendant’s skirmish with courtroom deputies). Accordingly, this issue is without merit.
 

 2. Whether the circuit court failed to conduct a hearing before re-sentencing White.
 

 ¶ 13. White next argues that the circuit court should have conducted another hearing under Rule 8.04 of the Uniform Rules of Circuit and County Court to determine the voluntariness of his guilty plea before changing his sentence. Again, this issue is procedurally barred as it was not raised in White’s motion for post-convic
 
 *382
 
 tion collateral relief.
 
 Bates,
 
 914 So.2d at 299 (¶ 6).
 

 ¶ 14. Procedural bar aside, there is no merit to White’s argument. White did not enter a separate guilty plea for which another hearing under Rule 8.04 was necessary. The circuit court had already accepted White’s guilty plea as voluntarily and knowingly entered. White was specifically informed that the circuit judge had the authority to sentence him to the maximum sentence of twenty-five years. He acknowledged this and affirmatively entered his plea. The circuit court’s amendment of his sentence did nothing to change White’s testimony or the circuit court’s finding that his plea was knowingly and voluntarily entered. Thus, this issue has no merit.
 

 3. Whether White received ineffective assistance of counsel.
 

 ¶ 15. Finally, White claims that his counsel was ineffective because counsel did nothing to assist him when he was called back to the bench for the amendment of his sentence. To prove ineffective assistance of counsel, White must show that: (1) his counsel’s performance was deficient, and (2) this deficiency prejudiced his defense.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with White to show both prongs.
 
 McQuarter v. State,
 
 574 So.2d 685, 687 (Miss.1990). Under
 
 Strickland,
 
 there is a strong presumption that counsel’s performance falls within the range of reasonable professional assistance.
 
 Strickland,
 
 466 U.S. at 689, 104 S.Ct. 2052. To overcome this presumption, White must “show that there is a reasonable probability that, but for the counsel’s unprofessional errors, the result of the proceeding would have been different.”
 
 Id.
 
 at 694, 104 S.Ct. 2052. In cases involving post-conviction collateral relief, “where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.”
 
 Vielee v. State,
 
 653 So.2d 920, 922 (Miss.1995).
 

 ¶ 16. White has failed to prove any deficiency on the part of his counsel. His only claim is that his counsel did nothing while the circuit court changed his sentence. However, as discussed above, this alteration of his sentence was within the inherent power of the circuit court. Because White fails to prove the first prong of the
 
 Strickland
 
 test, his claim for ineffective assistance must fail. Therefore, this issue has no merit.
 

 ¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF WILKINSON COUNTY DENYING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WILKINSON COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT.