IRVING, J.,
for the Court:
¶ 1. This appeal arises out of Vincent B. Strickland’s motion for post-conviction relief (PCR), which was filed in the Jones County Circuit Court. After the circuit court summarily denied his PCR motion, Strickland filed an appeal, alleging the following three contentions of error, which we quote verbatim: (1) “whether [his] guilty plea was involuntarily, unknowingly, [and] unintelligently enter [sic] due to wrongful statute citation in criminal information and not being inform [sic] the correct statute at plea hearing”; (2) “whether petitioner Strickland had effective counsel,] being advised to waive indictment rights by [attorney] for defense”; and (3) “whether [his] sentence was imposed in violation of [the] Mississippi Constitution and [the] United States Constitution.”
¶ 2. Finding no error, we affirm the judgment of the circuit court.
FACTS
f 3. An information was filed in this case on July 30, 2007. The information alleged two counts of criminal conduct — first, possession of methamphetamine, and second, possession of methamphetamine and cocaine. As statutory support, the information cited section 97-17-33 of the Mississippi Code Annotated (Rev.2006). That section, however, refers to burglary, which Strickland was not accused of having committed. The same day, a waiver of formal indictment that Strickland had signed was filed with the circuit court. The waiver averred that Strickland understood that he was being charged with the crimes of possession of methamphetamine and possession of cocaine. The waiver further averred that Strickland’s attorney had “advised [Strickland] as to the nature of the charge[s] against [him]” and “fully advised [him] of [his] rights.... ”
¶ 4. Strickland’s petition to plead guilty was also filed on July 30, 2007. In it, he indicated that he was pleading guilty to the crimes of possession of methamphetamine and possession of cocaine. The petition indicated that Strickland had discussed his case with his attorney and “believe[d] that [his] lawyer [was] fully informed on all such matters.” The petition further explained that Strickland was aware of the rights that he was relinquishing by pleading guilty, including the “right to take the witness stand ... and, if [he] did not take the witness stand ... the jury may be told that this shall not be held against [him].” The petition outlined the potential range of punishment for the crimes that Strickland was pleading guilty to. In his petition, Strickland averred that: “[I][b]elieve that my lawyer has done all that anyone could do to counsel and assist me. I AM SATISFIED WITH THE ADVICE AND HELP HE HAS GIVEN ME....” In another paragraph, Strickland agreed that: “I OFFER MY PLEA OF ‘GUILTY’ FREELY AND VOLUNTARILY AND OF MY OWN ACCORD AND WITH FULL UNDERSTANDING OF ALL THE MATTERS SET FORTH IN THE INDICTMENT AND IN THIS PETITION....”
¶ 5. On July 31, 2007, Strickland pleaded guilty to both counts in open court. The *1181 prosecutor, after explaining the State’s sentencing recommendations,[1] proceeded to explain the evidentiary basis that the State would present if the case were to go to trial. Strickland agreed that there was “a legal and factual basis” for the guilty pleas The circuit judge informed Strickland of his rights were he to go to trial, including his “right to remain silent and ... [not] have to prove anything.” After Strickland indicated that he still wished to plead guilty, the circuit court accepted his pleas.
¶ 6. A sentencing order was entered on August 9, 2007, essentially sentencing Strickland to sixteen years’ imprisonment for the methamphetamine possession and to eight years’ imprisonment for the cocaine possession; both sentences were suspended in their entirety pending Strickland’s successful completion of one year of house arrest and three years of post-release supervision. Although it is not clear from the record, Strickland apparently violated his house arrest in some way and was subsequently returned to the custody of the Mississippi Department of Corrections to serve his sentences. Unlike the information, the sentencing order cited the correct statutory provision for Strickland’s crimes.
¶ 7. On August 11, 2009, Strickland filed his PCR motion, wherein he alleged: that the information that was used to charge him was void as a matter of law, that his waiver of a formal indictment was invalid, that he received ineffective assistance of counsel, and that his guilty plea was invalid. Specifically, Strickland claimed that the information that charged him cited the incorrect statutory provision. As to his attorney, Strickland averred that his attorney had improperly convinced him to waive his right to a formal indictment. As to the validity of his guilty plea, Strickland alleged that he had not properly waived his right against self-incrimination. Completely absent from the PCR motion was any allegation that Strickland’s sentence was illegal or otherwise incorrect.
¶ 8. On August 13, 2009, the circuit court entered an order summarily denying Strickland’s PCR motion. In the order, the circuit court noted that Strickland was asked about his attorney’s performance in open court when he entered his guilty plea, and that Strickland indicated at that time that he was happy with the services of his attorney. It is from that denial of his PCR motion that Strickland appeals.
¶ 9. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 10. In Burrough v. State, 9 So.3d 368, 371 (¶ 6) (Miss.2009), our supreme court explained the standard of review that Mississippi appellate courts are to use when reviewing the denial of a PCR motion:
[An appellate court] reviews the dismissal of a post-conviction-relief motion [under] an abuse-of-discretion standard. Billiot v. State, 655 So.2d 1, 12 (Miss.1995). The trial court may summarily dismiss a motion for post-conviction relief “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.”
*1182 Miss. Code Ann. § 99-39-11(2) (Rev. 2007).

1. Incorrect Statute

¶ 11. In his first contention of error, Strickland claims that his plea was involuntarily given because the information that was used to charge him contained the incorrect statutory provision, and he was not informed of the correct provision in his guilty-plea petition or in court when he entered his plea of guilty.
¶ 12. It is clear in this state that a charging instrument, such as an indictment or an information, need only serve as “notice of the charges against [a] defendant and the facts underlying such charges.” Culp v. State, 933 So.2d 264, 277 (¶ 40) (Miss.2005). In Culp, our supreme court ruled that an appellant is not entitled to a reversal of his conviction simply because the incorrect statute is cited in the charging instrument that underlies a conviction. Id. at (¶¶ 40-41). This Court has applied the same logic to a case involving a claim of post-conviction relief. Brown v. State, 944 So.2d 103, 106 (¶¶ 8-9) (Miss.Ct.App.2006).
¶ 13. In the present case, the information that charged Strickland stated that: “on or about the 19th day of November, 2006, [Strickland] willfully and unlawfully and feloniously possessed] 5.37 grams of Methamphetamine, a Schedule II controlled substance....”[2] Clearly, Strickland was put on notice regarding the nature of the crimes with which he had been charged. This contention of error is without merit.

2. Ineffective Assistance of Counsel

¶ 14. In this contention of error, Strickland claims that he received ineffective assistance of counsel before entering his plea of guilty. Strickland’s basis for this contention is that his attorney convinced him to waive his right to a formal indictment.
¶ 15. Our supreme court has said the following regarding an ineffective-assistance-of-counsel claim in a PCR setting:
The United States Supreme Court established a two-part test for determining a claim of ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), as follows:
First, the defendant must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Id. at 687, 104 S.Ct. 2052.
The Court further established that “the proper measure of attorney performance remains simply reasonableness under prevailing professional norms.” Id. at 688, 104 S.Ct. 2052. “The defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id. at 694, 104 S.Ct. 2052.
*1183 Doss v. State, 19 So.3d 690, 694-95 (¶¶ 7-8) (Miss.2009).
¶ 16. Strickland has failed to meet either Strickland prong. He claims that his attorney was ineffective in allowing him to waive his right to a formal indictment because “there was no [sic] sufficient evidence for [the] prosecutor to put together a presentment draft for possession of a controlled substance.” Strickland also reiterates his arguments regarding the propriety of the information that was used to charge him.
¶ 17. The only evidence before this Court is that Strickland committed the crimes with which he was charged; in fact, it was Strickland who pleaded guilty to them. He has presented no evidence to contradict his sworn plea of guilty. When asked in open court whether the State’s evidence was accurate, he indicated that it was. “[A] valid guilty plea admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment or information against a defendant.” Reeder v. State, 783 So.2d 711, 720 (¶ 36) (Miss.2001) (citing Brooks v. State, 573 So.2d 1350, 1352 (Miss.1990)).
¶ 18. Therefore, we find that there is no evidence that Strickland’s attorney’s assistance was ineffective merely because he encouraged Strickland to waive his right to a formal indictment. As we have already discussed, the information that was used to charge Strickland was valid, despite the citation of an incorrect statute. Furthermore, Strickland has failed to show any prejudice flowing from the alleged deficiency.
¶ 19. This contention of error is without merit.

3. Invalid Sentence

¶ 20. Finally, Strickland claims that he has been sentenced in violation of the Mississippi and United States Constitutions. This issue was not raised in his motion for post-conviction relief at the trial level. Therefore, since Strickland is raising it for the first time before this Court, it is procedurally barred. Gardner v. State, 531 So.2d 805, 808-09 (Miss.1988); White v. State, 22 So.3d 378, 381 (¶ 11) (Miss.Ct.App.2009).
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.

. In court, the prosecutor stated that the State's recommendation was that Strickland serve half of each of his sentences, with the remainder suspended upon his successful completion of one year of house arrest and three years of post-release supervision. This is not consistent with Strickland's sentence as reflected by the sentencing order and discussed later in this opinion.

. The language was virtually the same in Count II of the information, except that the controlled substances were listed as methamphetamine and cocaine, and the date was given as November 27, 2006.