# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-CA-01329-SCT

*EDWARD COX*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/18/2012 |
| TRIAL JUDGE: | HON. JAMES T. KITCHENS, JR. |
| COURT FROM WHICH APPEALED: | CLAY COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | RICHARD SHANE McLAUGHLIN |
| | NICOLE H. McLAUGHLIN |
| | JIM WAIDE |
| | RACHEL PIERCE WAIDE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 01/16/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., KING AND COLEMAN, JJ.**

**RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Edward Cox appeals the Clay County Circuit Court's denial of his motion to dismiss a three-count indictment, which charged Cox with three counts of aggravated assault under Section 97-3-7 of the Mississippi Code. The issue before this Court is whether the justice court's act of revoking Cox's suspended sentence for a prior misdemeanor assault and sentencing him to a six-month sentence bars the State from prosecuting Cox's subsequent felony assaults. We hold that Cox's double-jeopardy claim applies only to his original

charge, conviction, and sentence, but not his subsequent criminal actions. Therefore, we affirm the trial court.

## FACTUAL BACKGROUND

¶2. On three separate occasions, July 23, August 24, and August 30, 2010, Edward Cox assaulted Joshlyn Blair, his wife. On August 20, 2010, Cox pleaded guilty to misdemeanor domestic violence for the July 23, 2010, assault. The Justice Court of Clay County sentenced Cox to three months supervised probation and a three-month suspended sentence and ordered Cox to complete an anger management program.

¶3. Four days after the sentencing, on August 24, 2010, Cox again assaulted Blair. On August 30, 2010, Cox assaulted Blair for the third time, along with their son, Jamarkuz Cox and Blair's sister, Cheryl Jackson. During the latter attack, Cox not only cut Blair's neck with a knife, he stabbed her multiple times in the torso. Cox also cut Jamarkuz on the arm and stabbed him in the elbow. Cox ended his multiple assaults by cutting Cheryl's neck.

¶4. On September 17, 2010, the Clay County Justice Court entered a Temporary Order for Protection from Domestic Abuse and revoked Cox's three-month suspended sentence, sentencing him to six months in jail for violating his probation order for the July 23, 2010, misdemeanor. On February 4, 2011, the Clay County Justice Court separately found Cox guilty of domestic violence for the August 24 assault, and sentenced him to twelve months. Cox appealed the conviction to the circuit court, where he was found guilty and sentenced to one year in jail after a *de novo* trial.

2

¶5. On April 11, 2011, Cox was indicted for three counts of aggravated assault under Section 97-3-7 of the Mississippi Code for the assaults of August 30, 2010. Cox filed a motion to dismiss the indictment based on the double-jeopardy clause of the Mississippi and U.S. Constitutions. Cox argued that when the justice court revoked his three-month suspended sentence and sentenced him to six months in jail for the misdemeanor conviction resulting from the July 23 assault, he was "punished" for the stabbing events on August 30, 2010. Thus, he argued that the State was precluded from indicting him for the August 30 crimes, as it would constitute double punishment. Following a hearing, the Circuit Court of Clay County denied Cox's motion to dismiss. Cox appealed. Finding no error, we affirm.

## ANALYSIS

¶6. The sole issue presented by Cox is whether Cox's current prosecution for aggravated assault is barred by the prohibition against double jeopardy in the State and U.S. Constitutions. This Court applies a *de novo* standard of review to claims of double jeopardy. *Kelly v. State*, 80 So. 3d 802, 804 (Miss. 2012). The denial of a double-jeopardy claim is treated as a final judgment by the lower court. *Beckwith v. State*, 615 So. 2d 1134, 1146 (Miss. 1992) ("[b]ecause of the unique nature of the denial by a circuit court of a colorable double jeopardy claim . . . it is final . . . which gives this Court jurisdiction").[1]

---

[1] Double jeopardy rights are "collateral to and totally independent of his guilt or innocence or the conduct of his trial, and are of immediate urgency." *Beckwith v. State*, 615 So. 2d 1134, 1145 (Miss. 1992).

3

¶7.   Cox argues that double jeopardy bars the indictment, because he already was punished for the August 30 felony assault when the justice court sentenced him to six months in jail for violating his probation.  Our jurisprudence dictates otherwise.

¶8.   The double-jeopardy clause provides three separate protections: "(1) protection from a second prosecution for the same offense after acquittal, (2) protection from a second prosecution for the same offense after conviction, and (3) protection from multiple punishments for the same offense." *Kelly v. State*, 80 So. 3d 802, 805 (Miss. 2012) (citations omitted).  This Court, in *Wallace v. State*, held that "[w]here a guilty plea is accepted and a suspended sentence is imposed, the court cannot later impose a period of incarceration exceeding the original suspended sentence where the defendant fails to maintain a standard of good behavior. To do so would expose the defendant to double jeopardy." *Wallace v. State*, 607 So. 2d 1184, 1187 (Miss. 1992) (citing *Leonard v. State*, 271 So. 2d 445, 447 (Miss. 1973)).  However, double jeopardy attaches only as to that particular offense and sentence, not subsequent crimes. *See Wallace*, 607 So. 2d at 1187; *see Johnson v. State*, 753 So. 2d 449, 454 (Miss. Ct. App. 1999); *Ethridge v. State*, 800 So. 2d 1221, 1224 (Miss. Ct. App. 2001); *Branch v. State*, 996 So. 2d 829, 832 (Miss. Ct. App. 2008); *Williams v. State*, 4 So. 3d 388, 394 (Miss. Ct. App. 2009).

¶9.   In the case *sub judice*, the circuit court did not err by denying Cox's motion to dismiss the indictment.[2]  A double-jeopardy claim attached only to the first conviction/sentence for

---

[2]The justice court did err in expanding Cox's sentence, an issue not before this Court.

the July 23 misdemeanor, not for the subsequent crimes of August 24 and 30. Thus, Cox's claim is without merit.

## CONCLUSION

¶10.    We affirm the trial court's denial of Cox's motion to dismiss the indictment.

¶11.    **AFFIRMED**.

      **WALLER, C.J., DICKINSON, P.J., LAMAR, KITCHENS, PIERCE, KING AND COLEMAN, JJ., CONCUR. CHANDLER, J., NOT PARTICIPATING.**